# CHARLESTON.

State *v.* A. D. Williams *et al.*

(No. 6208)

Submitted January 15, 1930.   Decided February 4, 1930.

*Thos. J. Barrett* and *Chas. Ritchie,* for plaintiffs in error.
*Howard B. Lee,* Attorney General, and *R. A. Blessing,* Assistant Attorney General, for the State.

Litz, Judge:

The defendants (plaintiffs in error) were jointly indicted, tried and convicted in the circuit court of Pocahontas county for violation of section 19, chapter 66, Acts of the legislature, 1925, commonly known as the Blue Sky Law.   Said section provides that, ''any person, issuer, dealer, salesman or agent, as defined in section 3 of this Act, or any or all of the officers or agents thereof, alone or in conjunction with others, having devised or intending to devise any scheme or artifice to defraud any person or persons by or through the sale of any securities, as defined in said section 3, including securities exempted from registration under section 4 of this Act and including transactions exempt under section 5 of this Act, or through the sale of real estate situate outside of this state, who shall, for the purpose of executing, or attempting to execute such scheme or artifice, commit any overt act within

this state shall be guilty of a felony, and upon conviction thereof shall be punished by fine of not more than five thousand dollars, or by imprisonment in the penitentiary of not more than five years, or by both such fine and imprisonment at the discretion of the court.'' This section also prescribes a form of indictment for an offense thereunder, the charging part of which follows: ''that_____as_____ (issuer, dealer, salesman, agent or officer, as the case may be), having devised or intending to devise a scheme or artifice to defraud, by or through the sale of certain securities, to-wit, (set out the security or securities here as defined in section three of this act), and who for the purpose of executing or intending to execute such scheme or artifice to defraud, on the_____day of_____, 19_____, and in the county of_____, did unlawfully and feloniously induce_____to subscribe and pay for_____shares of the capital stock of _____, at_____dollars per share, making in all_____dollars worth of stock for which the said _____subscribed and paid, (or state briefly any other overt act committed in pursuance of said scheme or artifice to defraud).''

''Security'', under section 3, ''shall include any note, stock, treasury stock, bond, debenture, evidence of indebtedness, certificate of interest or participation, certificate of interest in a profit-sharing agreement, certificate of interest in a syndicate agreement, certificate of interest in an oil, gas or mining lease, collateral trust certificate, pre-organization certificate, pre-organization subscription, any share, investment contract, or beneficial interest in or title to property, profits or earnings or any other instrument commonly known as a security.'' Under said section 3, ''Dealer'' shall include every person other than a salesman who in this state engaged either for all or part of his time directly or through an agent in the business of selling any securities issued by another person or purchasing or otherwise acquiring such securities from another for the purpose of reselling them or of offering them for sale to the public, or offering, buying, selling or otherwise dealing or trading in securities as agent or principal for a commission or at a profit, or who deals in futures or differences

in market quotations of prices or values of any securities or accepts margins on purchases or sales or pretended purchases or sales of such securities; provided, that the word "dealer" shall not include a person having no place of business in this state who sells or offers to sell securities exclusively to brokers or dealers actually engaged in buying and selling securities as a business; "salesman" shall include every natural person, other than a dealer, employed or appointed or authorized by a dealer, or issuer to sell securities in any manner in this state. The partners of a partnership and the executive officers of a corporation or other association registered as a dealer shall not be salesmen within the meaning of this definition; "agent" shall mean salesmen as hereinabove defined.

The indictment charge "that A. D. Williams, E. D. Burner and E. D. Frye, as dealers, salesmen, agents and officers, having devised and intending to devise a scheme or artifice to defraud by or through the sale of certain securities, to-wit: shares of capital stock of the Casoga Oil and Development Company, a corporation, incorporated under the laws of the State of Delaware, and who for the purpose of executing and intending to execute such scheme or artifice to defraud, on the..............day of December, 1926, and in the County of Pocahontas, did unlawfully and feloniously induce Ward Mc-Laughlin to subscribe and pay for One Hundred Shares of the capital stock of the said Casoga Oil and Development Company, at One Dollar per share, making in all One Hundred Dollars worth of stock for which the said Ward McLaughlin subscribed and paid; against the peace and dignity of the State."

The assignments of error, as stated in the brief of counsel for defendants, are: "FIRST. It was error for the court to overrule defendants' demurrer to the indictment; SECOND. The verdict of the jury does not specify whether the defendants are guilty of the offense specified under section 19 or section 20 of the act; THIRD. The judgment of the court imposes the penalty prescribed under section 19 of the act, while the evidence, if sufficient to prove any offense, we believe, proves only an offense under section 20 of the act, which prescribes a lighter penalty than that prescribed by section

19 and imposed by the court; FOURTH. The court erred in the giving and refusal of instructions."

It is urged, as a basis for the demurrer, that the indictment should have stated the connection in which the terms "dealers," "salesmen," "agents" and "officers" are applied to the defendants and the particulars of the alleged scheme or artifice to defraud. As the indictment, in our opinion, is in substantial compliance with the statutory form, the question remains as to whether it is sufficient under section 14, Article III, of the state constitution, requiring that the accused shall be fully and plainly informed of the character and cause of the accusation against him. "While the constitution declares that he (the accused) shall be fully and plainly informed of the character and cause of the accusation, it does not require that he shall be fully and plainly informed of the mode, or manner by or in which the crime was committed." *State* v. *Schnelle*, 24 W. Va. 767, 778. The constitutional requirement is satisfied if the accusation is sufficiently specific fairly to apprise the accused of the nature of the charge against him, so that the record may show, as far as may be, for what he is put in jeopardy.

Applying this test, we have concluded that the form of indictment prescribed by the acts meets the constitutional requirement.

The second point of error is without foundation. The indictment having been drawn under section 19, the verdict of guilty carried with it the penalty therein imposed.

A sufficient answer to the third assignment is that the evidence of the state amply proves the alleged scheme or artifice to defraud, and there was no denial of the overt act charged.

The complaint relating to the giving and refusal of instructions is confined to state's instruction No. 1, given, and defendants' instruction No. 1, refused. The objection to state's instruction No. 1 is the same as assignment No. 3, already referred to. Defendants' instruction No. 1, refused, being mere repetition of other instructions given at their instance, was properly refused.

Numerous errors are assigned in the petition for the writ

of error to the rulings of the trial court in the admission and exclusion of evidence. These rulings, none of which was specifically relied on as grounds for a new trial nor incorporated in special bills of exceptions, cannot be considered.

The judgment is, therefore, affirmed.

*Affirmed.*