STATE OF WEST VIRGINIA *v.* FREEMAN KELLER

(CC 569)

Submitted February 9, 1937. Decided February 23, 1937.

KENNA, PRESIDENT, and RILEY, JUDGE, dissenting.

*Clarence W. Meadows,* Attorney General, and *Kenneth E. Hines,* Assistant Attorney General, for the State.

*G. G. Duff, F. N. Bacon* and *Brooks B. Callaghan,* for defendant.

FOX, JUDGE:

The defendant, Freeman Keller, was arrested on a warrant issued by a justice of the peace, in which it was charged that "the said Freeman Keller on the 13th day of April, 1935, in said Nicholas County, did unlawfully drive and operate a certain vehicle to-wit: an automobile on a certain public highway within this state while he the said Freeman Keller was then and there intoxicated and under the influence of intoxicating liquor drugs or narcotics." The defendant was taken before the justice who issued the warrant and a hearing was held there-

on. No objection was made to the warrant before the justice, but a plea of not guilty was entered, a trial had, the defendant was found guilty, and fine and imprisonment imposed. From this action of the justice, an appeal was taken to the circuit court, and in that court, defendant filed what he terms a demurrer to the warrant and complaint, which demurrer the court sustained, and, on its own motion, certified the case to this court for review. The grounds of demurrer interposed were that the complaint and warrant set forth, disjunctively, at least three different modes of committing the offense charged therein, and that the accused was not fully and plainly informed of the character of the offense charged against him.

The statute on which this prosecution is based reads:

"No person shall drive or operate any vehicle, motor driven or otherwise, upon any public road or street in this state, while intoxicated, or under the influence of intoxicating liquor, drugs or narcotics." Code, 17-8-25.

It will be observed that the warrant under consideration uses the language of the statute except that the statute reads "intoxicated, *or* under the influence of intoxicating liquor, drugs or narcotics" while the warrant charges that the defendant was "intoxicated, *and* under the influence of intoxicating liquor drugs or narcotics."

The defendant contends that the warrant fails to advise him of the offense charged against him, claiming that he does not know whether he was charged with being under the influence of liquor, or drugs or narcotics, and that his constitutional rights were not regarded when he was called upon to answer a charge where, by reason of the uncertainty thereof, he was unable to prepare his defense. Conceding the constitutional safeguards which require that an accused party shall be fully and plainly informed of the accusation against him, we do not believe such safeguards were disregarded in the present case. The gravamen of the charge is intoxication, and the defendant was plainly charged with being intoxicat-

ed and under the influence of liquor, drugs or narcotics. Only one substantive offense is charged, namely, driving while intoxicated. The charge of being under the influence of liquor, drugs or narcotics is a part of and merged in the principal offense alleged.

It is immaterial what caused the intoxication, and the only prejudice to the defendant would be that he might be able to defend himself more easily if he were charged with being intoxicated from the use of either drugs or narcotics, and be able to show that the opportunity for obtaining such was more difficult than if he were intoxicated in the usual way from the use of liquor. But this is only a remote possibility and does not warrant the strained conclusion that the defendant did not know with what he was charged. It is quite apparent from reading the statute that it was intended to cover not only intoxication, but being under the influence of an intoxicant, to avoid the well known difficulty of determining just when a man is intoxicated in the eyes of the law, and, particularly a jury. The charge in the warrant was that the defendant was intoxicated while driving a car on a public highway, and the words following "and under the influence of intoxicating liquor, drugs or narcotics" are merely a further definition of the condition of the defendant at the time of his arrest. The offense for which the defendant should answer was that of intoxication while driving an automobile on a public highway in this state, and how he reached that state was not material, as respects the agency which produced that condition.

A phase of the question under consideration was discussed by Judge Kenna in the case of *State* v. *Dawson*, 117 W. Va. 125, 184 S. E. 253, wherein it is held, by a divided court, that the use of the word "or" in connection with gaming devices made an indictment subject to demurrer. It is not intended to reverse that ruling or change the general rule which frowns upon the use of the disjunctive in charging a defendant with crime. However, there is a border line which permits the use of the disjunctive in cases where its use does not prejudice, in any reasonable way, the rights of a defendant. The rule is

that "an indictment must not state the offense disjunctively, when it is thereby left uncertain what is really intended to be relied on as the accusation." *State* v. *Charlton,* 11 W. Va. 332, 27 Am. Rep 603. This lays down a rule of reason which it is safe to follow, and which does not prevent a court from holding an indictment bad where the disjunctive is used and where its use obscures and makes uncertain the accusation against the defendant. In the present case, the defendant could not possibly have been misled by the charges contained in the warrant, and to hold otherwise would be to resort to technical rules of construction which are in no sense warranted.

Another consideration supports the position taken herein. At common law, a bill of particulars was unknown in criminal law practice. Now, the use of such is not infrequent, and, in proper cases, a refusal to furnish is held error. *State* v. *Lewis,* 69 W. Va. 472, 72 S.E. 475, Ann. Cas. 1913A, 1203; *State* v. *Dawson, supra.* If a defendant, in a proper case, has the right to require a bill of particulars to clarify the charge against him, such right argues that he should not be heard to complain of some doubtful allegation in an indictment which a bill of particulars would make clear. Without holding, in advance of a motion, that the case at bar is one in which the defendant had the right to require a bill of particulars, it is clear that under our modern practice that avenue is open to a defendant, who, in good faith, seeks to have the charge against him clarified.

The demurrer to the warrant should have been overruled. The action of the trial court is reversed.

*Reversed.*

KENNA, PRESIDENT, dissenting:

We have been guilty of an inadvertence in docketing this case. We have held that the order of a trial court quashing an indictment or warrant is a final judgment and that the matters of law arising therefrom may not be certified. *State* v. *O'Brien,* 102 W. Va. 83, 134 S. E. 464. Therefore, we should have refused to docket this

certificate. I make this comment so that the case may not set up a precedent.

I am obliged to disagree with the majority opinion in this case because I believe that the effect of it is to undermine one of the simplest and most effective rules for preventing the vice of confusing allegations in warrants and indictments. It is so obviously unfair to permit a man to be charged with having committed this, that or the other offense, or with having committed an offense in this, that or the other way, that it is not necessary to repeat citations of authority to justify the rule against charging offenses or the manner of committing offenses in the disjunctive. A discussion of the decided cases in this state will be found in *State* v. *Dawson*, 117 W. Va. 125, 184 S. E. 253.

I think that the quotation in the majority opinion from *State* v. *Charlton*, 11 W. Va. 332, 27 Am. Rep. 603, must be amplified to show the ·sense in which the quoted language was used in that case. The full quotation is as follows, beginning at the bottom of page 336 of the official report: "But be the reason what it may for the decision in *Morgan's Case*, it ought not to be regarded as overthrowing the general rule, that an indictment ought not to state the case disjunctively, when it is thereby left uncertain, what is really intended to be relied on as the accusation." It will thus be seen that the court in the *Charlton* case by the use of the language quoted in the majority opinion, was simply stating the result of using the disjunctive form of allegation and was not attempting a technical and accurate statement of the rule. The court was merely attempting to say that *Morgan's* case did not change the rule in West Virginia. The language used by the court in *Charlton's* case can hardly be taken as establishing a rule in West Virginia that would permit a disjunctive allegation to be made in an indictment under any circumstances, because the *Charlton* case is one of the strongest cases written in this state sustaining the rule against disjunctive allegation. Furthermore, the kind of allegation that the court held bad in the *Charlton* case is, I think, exactly like the kind

of allegation that we have before us in this case. In the *Charlton* case, the defendant was charged with having sold "at retail to Robert Bodocher intoxicating liquors to be drunk in, upon, or about the building or premises where sold, without obtaining a state license therefor according to law." The gravamen of the charge in the *Charlton* case was selling liquor to be drunk upon the premises without a license, but the manner of committing that offense was charged in the disjunctive. In the case at bar, the gravamen of the offense is driving an automobile while under the influence of intoxicating liquor, drugs or narcotics, and the manner of committing that offense is charged in the disjunctive. In the *Charlton* case, the court held that the indictment was bad, and, in my opinion, if we wish to follow that case, we must hold the warrant before us bad.

To say, as does the majority opinion, that the disjunctive allegation will be held bad only when it results in uncertainty as to what is to be relied upon for the accusation, is to utterly destroy the rule against that sort of allegation. The rule itself is intended to determine uncertainty of allegation, not to depend upon uncertainty otherwise arrived at. If we say, as does the majority opinion, that we will determine whether the allegation is uncertain first, and if we find it so, then say that the uncertainty arises from the disjunctive form of allegation, it is perfectly plain that the rule is destroyed. It is not the uncertainty that gives rise to the rule; it is the rule that determines the uncertainty. We certainly do not need the rule against disjunctive allegations to enable us to say that uncertain indictments are always bad. We do need the rule against disjunctive allegations to enable us to say that an alternative charge is always bad for the reason that it does result in uncertainty.

I submit with deference that the majority opinion fails entirely to lay down any rule at all or to define any definite exception to existing rules. It says simply that where a disjunctive allegation results in uncertainty, it will be held bad, and where it does not so result it will be held good. This pronouncement, it seems to me, results

simply in throwing the question into the general field of uncertain allegations, and destroys entirely the value of the rule against disjunctive allegations as a means of discovering whether or not uncertainty exists.

Prior to the decision of this case, there were, I believe, but two exceptions in this state to the operation of the rule against disjunctive allegations. One is where the words separated by the disjunctive are synonymous the rule does not apply. In the case at bar, I suppose that no one would contend that intoxicating liquor and narcotic drugs are synonymous. The other exception, so far as I know confined to this state and Virginia, is that the rule has no application to cases in which the accused is charged with the offense of selling spirituous liquors, wines, etc., without a license. This rule, as was pointed out in the *Dawson* case, has been very much criticized by some of our later West Virginia cases, and this court in the *Charlton* case where the rule was applied with all of its vigor to an indictment charging the sale of intoxicating liquor to be drunk upon the premises without a license, expressly refused to extend it.

The rule against disjunctive allegations is easy to follow, and while its strict application may be thought artificial where it seems to appear from the record after trial that no real prejudice has resulted to the defendant, such a case furnishes a false guide for the reason that no one can tell what sort of record would have resulted from a trial on a proper indictment. A bad indictment results in a bad trial, and a fair trial cannot be based upon a bad indictment. I feel certain that the relaxation of the rule, or worse still, its abandonment, will result in creating opportunities for oppressive and unfair prosecutions. If such opportunities are allowed to exist, inevitably those will arise who will seek to take full advantage of them. The Anglo-Saxon has struggled constantly to protect himself from that very sort of oppression from those to whom individual power means more than respect for law.

Judge Riley joins in this opinion.