STATE OF WEST VIRGINIA *v.* OPHA JARRETT

(No. 8620)

Submitted September 22, 1937. Decided November 23, 1937.

*Kay, Casto & Amos,* for plaintiff in error.
*Clarence W. Meadows,* Attorney General, and *Kenneth E. Hines,* Assistant Attorney General, for the State.

Fox, Judge:

Opha Jarrett was jointly indicted with William Burdette in the Intermediate Court of Kanawha County, charged with the unlawful taking of an automobile, the property of C. F. Goebel, in violation of the provisions of Code, 17-19-4. On this charge, he was separately tried, convicted and sentenced to confinement in the penitentiary. Asserting various errors, he prosecutes this writ of error.

Five separate points of error are assigned. (1) The indictment was not attested as required by the statute; (2) different offenses are charged therein disjunctively; (3) variance between the allegations and proof; (4) failure to establish the corpus delicti; and (5) lack of evidence to establish the guilt of the defendant.

The first two assignments relate to the indictment. A demurrer was interposed thereto, there was a motion to quash, and after the verdict, a motion in arrest of judgment, all of which were overruled, and exceptions taken.

On the first assignment of error, counsel content themselves with merely stating that the indictment was not attested as required by statute, without pointing out in what manner it fails of proper attestation. We may assume that the objection arises out of the failure of the prosecuting attorney to affix his signature on the back of the indictment. This, we held to be necessary in *State* v. *Burnette*, 118 W. Va. 501, 190 S. E. 905; but we further held that to take advantage of such defect objection thereto should be timely made. No timely objection was made in this case. The demurrer interposed by the defendant did not reach this defect; nor did the general motion to quash, for reasons elaborately discussed in *State* v. *DeBoard,* decided at this term. (119 W. Va. 396.)

The offense for which the defendant was indicted is statutory, Code, 17-19-4, and is defined as follows:

> "Any person who, wilfully and without the knowledge or consent of the owner or person in lawful charge thereof, and with the intent to deprive such owner or person in lawful charge

of the possession or use thereof, either temporarily or permanently, shall take possession of, enter and drive, or otherwise take away from any street, road, alley, public or parking place, garage or other building or place, while the same is lawfully therein or thereon, any automobile or other motor vehicle belonging to another or in his lawful possession; * * * shall be deemed guilty of a felony, * * *."

The indictment charged that the defendants named therein "wrongfully, wilfully, unlawfully and feloniously, and without the knowledge and consent of the owner or person in lawful charge thereof, and with the intent to deprive said owner or person in lawful charge thereof of the possession or use thereof, did take possession of, enter and drive away from a certain street, road, alley, public or parking place, garage or other building or place, a certain automobile, or motor vehicle, the property of C. F. Goebel while the same was lawfully therein or thereon, in violation of Section 4, Article 19, Chapter 17, Code of West Virginia, 1931," thus following closely the language of the statute in defining the offense alleged therein.

We do not undertake to minimize the difficulties connected with the question presented; but that the indictment under consideration gave to the defendant notice of the offense charged against him, to-wit, that he took into possession and used an automobile owned by another without his consent or that of the person lawfully in charge thereof, will not be denied. The gravamen of the offense is not that he took the automobile from a street, alley, road, parking place, garage or other building or place, but that he unlawfully took possession of, entered, and drove away an automobile not his own. Of that charge he had full and adequate notice, although the indictment is not specific as to immaterial details such as the exact place from which the automobile was taken. However, if there had been an acquittal under this indictment, it would have been *res adjudicata* as to any subsequent charge based upon the taking of this particular vehicle from whatever place it may have been taken.

There was only one automobile taken, and proof that defendant did not take the same would have been effective to acquit him from the charge of its taking, either from the owner or the person in charge, or from whatever point or place it may have been taken. This meets the suggestion raised on brief that the allegation in an indictment must be so specific as to protect the defendant against subsequent charges for substantially the same offense and to enable him to plead an acquittal as *res adjudicata*. The defendant could not have been misled or mystified by any allegation in the indictment or the use of the disjunctive, and the best evidence of that assumption is that he did not take advantage of the way open to him to remove doubt, if any existed, as to the nature of the charge he was called upon to meet. We do not say that a bill of particulars such as is provided for under Code, 56-4-19, and the use of which is approved and held to apply in criminal cases in *State* v. *Lewis,* 69 W. Va. 472, 72 S. E. 475, Ann. Cas. 1913A, 1203, may take the place of definite allegations in an indictment in all cases; but we do express the conviction that in matters affecting the form of an indictment where, in good faith, a defendant seeks light as to the specific charges against him, he should resort to his right to a bill of particulars defining such charge. A defendant in a criminal case is entitled to a fair trial, but the ends of justice require that technical points respecting charges in indictments be not resorted to where such a course can be safely avoided under rules of practice which assure to a defendant, through the medium of a bill of particulars, clarification of such charges. In this case, the defendant was charged with taking into possession an automobile owned by C. F. Goebel, without his consent or that of any person in lawful charge thereof. The statute under which the indictment found is broad enough to make it an offense for him to have taken the automobile from any place, whether it be road, street, alley, garage or other building or place. The substantive offense was plainly alleged, and if a specific statement as to the point from which the automobile was taken was important to his defense, he could have obtained that information by asking for a bill of particulars on that point.

The general question here involved has been recently considered by this court in *State* v. *Dawson*, 117 W. Va. 125, 184 S. E. 253, and *State* v. *Keller*, 118 W. Va. 296, 191 S. E. 201. In both of these cases, there were strong dissents from the decision of the majority. We think the decision in the *Keller* case should be applied to the facts of this case, the effect of which is to sustain the court below on its rulings on the indictment.

We are unable to see any variance between the allegations and proof. The allegation is that the defendant took into possession and used an automobile not his own, without the consent of the owner or person lawfully in charge thereof, and the proof tends to support and is confined to that charge.

Nor is there merit in the contention that the commission of a crime—the corpus delicti—has not been shown. The statement of the defendant, properly admitted in evidence, when read in connection with the statements of witnesses who testified for the state, conclusively shows that the defendant took the automobile in question; that he had possession thereof for parts of two days; that it was Goebel's automobile; and that Goebel knew nothing of the automobile after he delivered it to his employee on the Friday evening before it was alleged to have been taken by the defendant, and therefore could not have consented to its taking. This amounts to direct proof that the taking was without his consent. We have remaining the contention that there is no showing from the record that the defendant did not have the consent of Hamilton, who is shown to have had the lawful possession of the automobile in question under an arrangement with the owner. It is not easy to prove a negative, nor in this case is it necessary. The facts speak for themselves, and they are not in dispute. They come from the defendant's signed statement to the effect that he first saw the automobile about eight or nine o'clock on Saturday morning, on the river bank at the end of Mary Street, in the City of Charleston, and that a drunken man was occupying it at that time; that about ten o'clock of that day, the man who was occupying the automobile left the same; that about two o'clock of the same day the defendant got

in the automobile with William Burdette and that they drove it to Cooper's Creek in search of liquor; that they lost their way and stayed out all night; that Sunday morning, he and Burdette returned to Charleston, where they were joined by William Iman and that the three went over to O'Dell Avenue, where the automobile had been parked, and then drove to Elk Two-Mile Creek; that at some point on that creek, they drove it off the road and over the bank; that they then returned to Charleston. These facts being established, what do they prove? They prove beyond reasonable doubt that the defendant entered this automobile and drove it away without the consent of anyone having authority to control its use. Whoever occupied the automobile early Saturday morning left it four hours before the defendant entered and drove it away. The jury was justified in finding that the defendant did not know the man in the automobile, and presumably did so find. If the defendant knew the man who occupied the automobile, and had his consent to use the same, it is inconceivable that he did not so state in the signed confession made by him. We are not precluded from drawing upon our knowledge of human nature and the instinct which drives men to defend themselves when under attack. We are not called upon to close our eyes to the situation surrounding the taking of this automobile, and indulge in speculation not warranted by any evidence in the case. Intent may always be inferred from proven facts, and there would seem to be no sound reason why the consent or lack of consent to the taking of the automobile in this case may not likewise be inferred from the proven circumstances. The physical taking of the automobile by the defendant being shown, the element of lack of consent of the owner or person lawfully in charge may be inferred from the circumstances surrounding the taking. Tested by these rules, the statement of the defendant convicts him, and fully establishes the commission of the crime with which he is charged, and his participation therein.

The judgment of the circuit court is affirmed.

*Affirmed.*

RILEY, JUDGE, concurring:

I concur in the result of the decision in this case. A careful review of the record has convinced me that substantial justice has been done. However, I think that the second syllabus contains too broad a rule as to the use of the disjunctive in indictments. The rule governing such use should be relaxed only with great caution. In the instant case, the gist of the offense is the deprivation of the possession of the automobile from the person entitled to that possession. The words "owner" and "person in lawful charge of the possession or use" contained in the indictment and in the statute are tantamount to synonymous terms. Therefore, the use of the disjunctive is not prejudicial. The disjunctive is also used in reference to the place of taking. The word "place" used in the statute and indictment is sufficiently broad to be all inclusive of the other words describing the place from which the car was taken. The use of the disjunctive, therefore, will work no harm in the instant case. For further reasons in support of what I regard as the true and general rule, see Judge Kenna's dissenting opinion, in which I concurred, in *State* v. *Keller*, 118 W. Va. 296, 191 S. E. 201.