### PERSON v. MORROW, Sheriff.
### No. 1917.

Circuit Court of Appeals, Tenth Circuit.
Jan. 4, 1940.

Hal C. Davis, of Topeka, Kan., for appellant.

Morton B. Cole, Asst. Atty. Gen. (Jay S. Parker, Atty. Gen., and William H. Rardin, Pros. Atty., of Beckley, W.Va., on the brief), for appellee.

Before PHILLIPS and BRATTON, Circuit Judges.

BRATTON, Circuit Judge.

In 1934, a grand jury in Mason County, West Virginia, returned four indictments against F. V. Person, hereinafter called petitioner. In 1938, while petitioner was serving a sentence in the federal penitentiary at Leavenworth, Kansas, the Governor of West Virginia made the conventional request upon the Governor of Kansas for the arrest of petitioner as a fugitive from justice and for his delivery to the authorities of West Virginia for return to that state to answer such charges. Copies of the indictments were attached to the request. The Governor of Kansas honored the request and issued a warrant of extradition. Thereafter, at the conclusion of the sentence being served in the federal penitentiary, the sheriff of Leavenworth County, Kansas, hereinafter called respondent, took petitioner into custody and detains him under such process. Petitioner instituted a proceeding in habeas corpus in the district court of the state. The petition was denied. An appeal to the supreme court was perfected but later dismissed. Petitioner then filed this proceeding in habeas corpus to secure his discharge. The writ was sought on the ground that the indictments were void and stated no offense under the laws of West Virginia; that petitioner was therefore not a fugitive from justice; and that he was being detained in violation of his rights under section 2 of Article 4 of the Constitution of the United States U.S. C.A., and of section 5278, Revised Statutes, 18 U.S.C.A. § 662. By return, respondent pleaded the indictments, the request for extradition, and the warrant of extradition. The court heard evidence; made findings of fact and conclusions of law in which it was found and concluded that three of such indictments were void but that the fourth was valid; and entered an order denying the writ. Petitioner appealed.

It is contended that the indictment which the court held valid and which is now in question is void for the reason that if any offense is charged it is charged in the disjunctive. The pertinent part of section 3260, chapter 32, Code of West Virginia Annotated 1932, provides that any person who, having devised or intending to devise a scheme or artifice to defraud a person or persons by or through the sale of any securities as defined in a certain statute, shall for the purpose of executing or attempting to execute such scheme or artifice commit any overt act within the state, shall be guilty of a felony. The statute further provides that an indictment under its provisions shall be sufficient in the form there set forth. The material part of the form is in this language:

"The grand jurors of the State of West Virginia * * * upon their oaths, present that ———— as ———— (issuer, dealer, salesman, agent, or officers as the case may be), having devised or intending to devise a scheme or artifice to defraud, by or through the sale of certain securities, to-wit (set out the security or securities here as defined in section two (§ 3244) of this article), and who for the purpose of executing or intending to execute such scheme or artifice to defraud, on the ———— day of ————, 19—, and in the county of ————, did unlawfully and feloniously induce ———— to subscribe and pay for ———— shares of the capital stock * * *."

▮ Following the language of the statute and of the form set forth, the indictment in question charges that petitioner "having devised or intending to devise a scheme or artifice to defraud, by or through the sale of certain securities * * *"

induced a named person to purchase such securities for a stated price, and that they were utterly worthless and of no value. Petitioner relies upon State v. Charlton, 11 W.Va. 332, 27 Am.Rep. 603; State v. Miller, 68 W.Va. 38, 69 S.E. 365; and State v. Dawson, 117 W.Va. 125, 184 S.E. 253. It was held in those cases that an indictment is faulty which charges in the disjunctive two or more offenses or two or more modes of committing an offense. But in all of those cases the defect in form was raised by demurrer, motion to quash, or both, while here it is sought to present the question in a habeas corpus proceeding. Furthermore, in State v. Williams, 108 W.Va. 525, 151 S.E. 852, it was held that an indictment drawn under the statute under which the indictment here in question was drawn, is valid if it fairly apprises the accused of the nature of the charge against him and for which he was placed in jeopardy; in State v. Keller, 118 W.Va. 296, 191 S.E. 201, it was held that a complaint which charged that the accused drove and operated an automobile on a certain public highway while "under the influence of intoxicating liquor drugs or narcotics" was not invalid for charging in the disjunctive different modes of committing the offense; and in State v. Jarrett, 119 W.Va. 432, 194 S.E. 1, 2, an indictment which charged that the defendants unlawfully and feloniously took possession of, entered, and drove an automobile belonging to another from "a certain street, road, alley, public or parking place, garage or other building or place," was sustained against an attack on the ground that it charged the taking and driving from several different places. In the two last cases it was said that technicalities in respect of a charge in an indictment should not be upheld where the rights of the accused may be protected through the medium of a bill of particulars. In view of these pronouncements we cannot say that the allegations in the disjunctive render the indictment fatally defective. And doubtful questions respecting the validity of the indictment should be left to the courts of West Virginia. Downey v. Hale, 1 Cir., 67 F.2d 208, certiorari denied, 291 U.S. 662, 54 S.Ct. 438, 78 L.Ed. 1053.

The next contention is that the indictment is ambiguous, indefinite, and uncertain, and does not charge an offense under the laws of West Virginia. It must be remembered that this is a proceeding in habeas corpus to prevent extradition from one state to another. In such a proceeding, a court will not indulge in technical tests of the sufficiency of the charge where it substantially describes a crime denounced by the statute of the state which seeks extradition. The sufficiency of the indictment as a matter of technical pleading is not open to inquiry in a proceeding of this nature. Munsey v. Clough, 196 U.S. 364, 25 S.Ct. 282, 49 L.Ed. 515; Pierce v. Creecy, 210 U.S. 387, 28 S.Ct. 714, 52 L.Ed. 1113; Drew v. Thaw, 235 U.S. 432, 35 S.Ct. 137, 59 L.Ed. 302; Hogan v. O'Neill, 255 U.S. 52, 41 S.Ct. 222, 65 L.Ed. 497. Perhaps this indictment was inartificially drawn. It may be that more aptitude might have been exercised in its preparation. Still it does not so completely fail to charge substantially an offense under the statute of West Virginia as to warrant the discharge of petitioner from custody under the process of extradition.

The remaining contention is that the State of West Virginia was guilty of bad faith in its dealings with petitioner prior to the making of the request for extradition. The argument is predicated upon correspondence which passed between certain public officials in the state and petitioner, or a corporation of which he was president, to the effect that if restitution were made there would be no prosecution. The contention is met with two obstacles. One is that no such issue was pleaded. The petition for the writ was silent in respect to it. The other is that ordinarily the questions open to review in a summary proceeding of this kind are whether petitioner stands substantially charged with a crime in the state from which he fled, whether he is a fugitive from the justice of that state, and whether the warrant of extradition is regular on its face. Correspondence of the kind which passed here lays no basis for discharge on habeas corpus to prevent extradition.

The order denying the petition for the writ is affirmed.