STATE OF WEST VIRGINIA

*v.*

LESLIE HOLMES JOHNSON

(No. 10237)

Submitted April 18, 1950. Decided May 9, 1950.

*William C. Marland,* Attorney General and *Virginia Mae Brown,* Special Assistant Attorney General, for plaintiff in error.

No appearance for defendant in error.

GIVEN, JUDGE:

Leslie Holmes Johnson was indicted by a grand jury of Ritchie County on October 5, 1949, for obstructing an officer in the discharge of his official duties, the charge being predicated upon Code, 61-5-17. The defendant appeared and demurred to the indictment and moved that the indictment be quashed. The circuit court sustained the demurrer and motion. The case is here on writ of error and supersedeas granted by this Court. The defendant has made no appearance in this Court. The only error assigned in the petition praying the writ or in the brief filed by the State is that the circuit court erred in sustaining the demurrer and motion. It appears from the record, however, that the defendant in the court below relied upon the following three grounds in support of the demurrer and motion:

"(a) The mere assisting of a person under arrest to escape, without direct action against the officer, does not constitute the *defense* of obstructing an officer under the statute, and an Indictment under the statute, must allege some direct action against the officer by the accused which resulted in the escape of the person under arrest;

"(b) The said Indictment does not charge or name the person who 'Did assist and make possible the escape from custody of one, Burl Howard Hart'; and

"(c) The said Indictment does not plead or charge the acts, means or methods employed to assist and make possible the escape from custody of the said Burl Howard Hart, and thereby fully inform the accused of the cause and nature of the offense with which he is charged in said Indictment, so as to enable him to prepare his defense thereto."

Omitting the formal parts, the indictment reads:

"* * * That Leslie Holmes Johnson on the 2nd day of September, 1949, in the said County of Ritchie, did unlawfully obstruct a Deputy Sheriff of the said County of Ritchie and State of West Virginia in the lawful discharge of his official duty, to-wit: Did assist and make possible the escape from custody of one, Burl Howard Hart, who was then and there lawfully under arrest and then and there in the custody of W. Fred Dotson, Deputy Sheriff of said Ritchie County, * * *."

The applicable parts of the statute read:

"Any person who by threats, menaces, acts or otherwise, shall forcibly or illegally hinder, obstruct, or oppose, or attempt to obstruct or oppose, or shall counsel, advise or invite others to hinder, obstruct or oppose any officer in this State (whether civil or military) in the lawful exercise or discharge of his official duty, shall, for every such offense, be guilty of a misdemeanor, * * *."

Under our statute, Code, 62-9-1, and under the decisions of this Court, great liberality is allowed as to forms of indictments. It is usually sufficient if the language of the indictment substantially follows the language of the statute. *State* v. *Crummitt,* 129 W. Va. 366, 40 S. E. 2d 852. An indictment, however, must fully and plainly inform the defendant of the character and cause of the accusation. Constitution of West Virginia, Article III, Section 14. So that where the language of the statute would not inform the defendant clearly of the character and cause of the crime of which he is charged, the indictment would be insufficient unless it contained other language which would so inform the defendant. 9 Michie's Juris., Indictments, Informations and Presentments, Section 26; *State* v. *Hamilton,* 133 W. Va. 394, 56 S. E. 2d 544; *State* v. *Parkersburg Brewing Company,* 53 W. Va. 591, 45 S. E. 924. Courts, however, do not usually require the same degree of strictness in an indictment for a misdemeanor as in an indictment for a felony. *State* v. *Wolfe,* 128 W. Va. 414 at 417, 36 S. E. 2d 849.

The principal ground of objection of the defendant to the indictment appears to be that mere assistance rendered a prisoner in an effort to enable the prisoner to escape from lawful custody of an officer, even though the escape is made possible by such efforts, is not an obstruction of that officer in the discharge of his official duties. We are of the opinion that no such restricted meaning should be given to the word obstruct as used in the statute. The words "forcibly or illegally" used in the statute clearly mean any unlawful interference with the officer in the discharge of his official duties, whether or not force be actually present. It is undoubtedly the duty of an officer to keep safe custody of a prisoner after his lawful arrest, and to assist that prisoner in making an escape is an interference with the officer in the discharge of his official duties, and, notwithstanding no force or act be directed against the person of the officer, there is a direct interference with the officer in the discharge of his official duties. In *State* v. *Estes,* 185 N. C. 752, 117 S. E. 581, the Court, in considering a very similar statute, said:

"\* \* \* We do not hold that actual violence or demonstration of force is indispensable to such obstruction or interference. To 'interfere' is to check or hamper the action of the officer, or to do something which hinders or prevents or tends to prevent the performance of his legal duty; and to 'obstruct' signifies direct or indirect opposition or resistance to the lawful discharge of his official Duty. \* \* \*".

See also *Jones* v. *Commonwealth,* 141 Va. 471, 126 S. E. 74.

We do not see any merit in the second contention of the defendant. The indictment names the defendant and clearly charges that he assisted the prisoner in making an escape from the custody of the officer. Neither is there any merit in the third contention of the defendant. It was not necessary that the indictment set out the acts, means or methods employed by the defendant in making possible the escape. To have done so would not have furnished the defendant with any further information as

to the "character or cause" of the charge. It would have merely disclosed certain evidence.

> "The *character* and *cause* of the accusation are essentially different from the *mode* by, or *manner* in which the deceased was killed. The Constitution does not require, that the accused shall be informed of the 'manner, in which or the means, by which the death of deceased was caused.'" Point 3, Syllabus, *State* v. *Schnelle*, 24 W. Va. 767; *State* v. *Williams*, 108 W. Va. 525, 151 S. E. 852; *State* v. *Lewis*, 133 W. Va. 584, 57 S. E. 2d 513.

From the foregoing it is clear that the demurrer and motion to quash should not have been sustained and that the action of the trial court should be reversed and this case remanded.

*Reversed and remanded.*