735 S.E.2d 570

**STATE of West Virginia, Plaintiff Below, Respondent**

v.

**Lisa Marie DAVIS, Defendant Below, Petitioner.**

**No. 11–0587.**

Supreme Court of Appeals of West Virginia.

Submitted Oct. 17, 2012.

Decided Oct. 24, 2012.

---

Roger D. Curry, Esq., Curry, Amos & Associates, L.C., Fairmont, WV, for Petitioner.

Darrell V. McGraw, Jr., Attorney General, Barbara Allen, Senior Deputy Attorney General, Jacob Morgenstern, Esq., Assistant Attorney General, Charleston, WV, for Respondent.

PER CURIAM:

The defendant/petitioner, Lisa Marie Davis (hereinafter "Ms. Davis"), appeals a circuit court order affirming a magistrate court's ruling that she obstructed a police officer in violation of *W.Va.Code* § 61–5–17(a) [2001].[1] Ms. Davis admits that she lied to a police officer during the course of a felony investigation and admits that the false statement she gave was a violation of *W.Va.Code* § 61–5–17(c). She argues, however, that making a false statement to a police officer is not a violation of *W.Va.Code* § 61–5–17(a), and that her conviction should be overturned because she was charged under the wrong statute.

Upon careful review, and for the reasons set forth herein, we affirm the circuit court's order finding Ms. Davis guilty of obstructing a police officer in violation of *W.Va.Code* § 61–5–17(a).

## I.

### Facts & Procedural Background

On May 26, 2010, Marion County Deputy Sheriff Christopher F. Gearde (hereinafter "Deputy Gearde") went to Ms. Davis' residence to execute an arrest warrant on her boyfriend, Phillip Moran, for an alleged felony home confinement violation. Upon arriving at the residence, Deputy Gearde knocked on the front door and Ms. Davis let him inside. Once inside, Deputy Gearde told Ms. Davis "we're looking for Phillip Moran. We're looking for your boyfriend … we have a capias, failure to appear warrant, that needs to be served." Ms. Davis told Deputy Gearde that Mr. Moran was not at her residence and stated that she had not seen him "in a certain amount of time" and did not know where he was.[2]

While Deputy Gearde was talking to Ms. Davis, a second deputy sheriff, Deputy Love, was positioned behind the residence watching the back door. Deputy Love heard "someone inside banging around against the wall," in the back bedroom and reported this information to Deputy Gearde. After being told someone was "banging around against the wall," Deputy Gearde again asked Ms. Davis if Phillip Moran was in the residence and told her that she would be arrested and charged with obstruction if she lied to him. Ms. Davis again "adamantly" denied that Mr. Moran was in the residence.

Deputy Gearde then heard a loud "thump" in the back bedroom and started to walk to the back of the residence. As he began walking, Ms. Davis admitted that Phillip Moran was in the back bedroom. The deputies subsequently found Mr. Moran hiding in the bedroom closet, armed with a knife. Mr. Moran was taken into custody and Ms. Davis was arrested and charged with obstructing a law-enforcement officer pursuant to *W.Va. Code* § 61–5–17(a).

Following a bench trial in magistrate court, Ms. Davis was found guilty of obstructing a law-enforcement officer in violation of *W.Va.Code* § 61–5–17(a). She was sentenced to time served (10 days), and ordered to pay $165.80 in court costs. Ms. Davis appealed the magistrate court's order to the circuit court.

The circuit court held a brief bench trial. Counsel for Ms. Davis told the circuit court that "the defendant's not going to contest any of the facts. The argument here is whether what she did, which was deny that her boyfriend was in the house … is a violation of the statute." The State called Deputy Gearde who testified that Ms. Davis hindered his investigation by repeatedly lying to him about whether Mr. Moran was in her residence. During cross-examination, Deputy Gearde testified that Ms. Davis did not use any physical force against him.[3] Following this bench trial, the circuit court en-

---

1. *W.Va.Code* § 61–5–17 was amended in 2010 and 2012. Neither the 2010 nor the 2012 amendments made substantive changes to § 61–5–17(a) or § 61–5–17(c). For instance, the 2010 amendment to *W.Va.Code* § 61–5–17(a), consisted of the phrase "jail not more than one year, or both fined and confined," replacing the phrase "the county or regional jail not more than one year, or both."

2. This statement comes from Deputy Gearde's testimony before the circuit court. Ms. Davis does not dispute this testimony.

3. Deputy Gearde was the only witness who testified before the circuit court.

tered an order affirming Ms. Davis' conviction. The circuit court's order stated:

The Defendant's attempted deception of Deputy Gearde is a violation of § 61–5–17(a). The Defendant lied to Deputy Gearde while he was acting in his official capacity as a law-enforcement officer, in an attempt to illegally hinder the deputy from carrying out his duties. The Defendant proposes the interesting argument that the deception in question does not "hinder" the officer as required in § 61–5–17(a) and that the Defendant should have been prosecuted under § 61–5–17(c). However, the facts recited during testimony indicate quite clearly that the Defendant was illegally hindering the Deputy by deception. Further, the West Virginia Supreme Court of Appeals has reviewed this statute recently in *State v. Srnsky*, 213 W.Va. 412, 582 S.E.2d 859 (2003) and indicated that mere vocal actions could hinder a law-enforcement officer.

Following the entry of the circuit court's order, Ms. Davis filed the present appeal.

## II.

### Standard of Review

■■■ Ms. Davis does not dispute the circuit court's factual findings. Rather, she argues that her conviction should be reversed as a matter of law because making a false statement to a law-enforcement officer is not a violation of *W.Va.Code* § 61–5–17(a). "This Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard." Syllabus Point 4, in part, *Burgess v. Porterfield*, 196 W.Va. 178, 469 S.E.2d 114 (1996). "Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syllabus Point 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995).

With this standard in mind, we examine the parties' arguments.

## III.

### Analysis

■■■ Ms. Davis contends that the State charged her under the wrong statute and

that her conduct—lying to a law-enforcement officer during the course of an official investigation—was insufficient to support a conviction of obstruction pursuant to *W.Va.Code* § 61–5–17(a). Our analysis begins with *W.Va.Code* § 61–5–17(a), which provides:

Any person who by threats, menaces, acts or otherwise, forcibly or illegally hinders or obstructs, or attempts to hinder or obstruct, any law-enforcement officer, probation officer or parole officer acting in his or her official capacity is guilty of a misdemeanor and, upon conviction thereof, shall be fined not less than $50 nor more than $500 or confined in jail not more than one year, or both fined and confined.

■■■ This Court has examined *W.Va.Code* § 61–5–17(a) in a number of previous cases. In *State v. Johnson*, 134 W.Va. 357, 59 S.E.2d 485 (1950), the Court considered whether an individual who aided a prisoner's escape attempt was guilty of obstruction pursuant to *W.Va.Code* § 61–5–17(a). In *Johnson*, we determined that "the words 'forcibly or illegally' used in the statute clearly mean any unlawful interference with the officer in the discharge of his official duties, *whether or not force be actually present*." *Id.* 134 W.Va. at 360, 59 S.E.2d at 487 (Emphasis added). *Johnson* also defined the terms "interfere" and "obstruct," stating:

To 'interfere' is to check or hamper the action of the officer, or to do something which hinders or prevents or tends to prevent the performance of his legal duty; and to 'obstruct' signifies direct or indirect opposition or resistance to the lawful discharge of his official duty.

*Id.*

In *State v. Carney*, 222 W.Va. 152, 157, 663 S.E.2d 606, 611 (2008), this Court provided a succinct statement of what the State must show to convict a defendant pursuant to *W.Va.Code* § 61–5–17(a): "forcible or illegal conduct that interferes with a police officer's discharge of official duties." With this standard in mind, we examine whether the conduct relied upon by the State to convict Ms. Davis of obstruction fell within the parameters of *W.Va.Code* § 61–5–17(a).

The State did not allege that Ms. Davis used any physical force in this case. Our first inquiry then is whether Ms. Davis' conduct, lying to a police officer during the course of a felony investigation, is an illegal activity. In her brief to this Court, Ms. Davis admits that this conduct was illegal and that it violated *W.Va.Code* § 61–5–17(c),[4] which states, in relevant part:

> Any person who, with intent to impede or obstruct a law-enforcement officer in the conduct of an investigation of a felony offense, knowingly and willfully makes a materially false statement, is guilty of a misdemeanor[.]

Since it is undisputed that making a materially false statement to a police officer during the course of a felony investigation is an illegal activity, our next inquiry is whether this conduct hindered or obstructed Deputy Gearde's investigation. During the bench trial in the circuit court, Deputy Gearde testified that "Ms. Davis was charged with obstructing because she hindered my investigation." Deputy Gearde repeated this testimony during cross-examination:

Q. And it is your position that the actions to which you have testified hindered you; is that correct?

A. Absolutely.

Deputy Gearde was the only witness who testified before the circuit court. Ms. Davis does not dispute his version of events. There being no dispute that 1) making a materially false statement to a police officer during the course of a felony investigation is an illegal activity, and that 2) this conduct hindered Deputy Gearde's investigation, we find that Ms. Davis clearly violated *W.Va. Code* § 61–5–17(a).

▄▄▄ Ms. Davis does not specifically address why her conduct was not a violation of *W.Va.Code* § 61–5–17(a). Instead, she argues that under the rule of lenity, she should

have been charged with violating *W.Va.Code* § 61–5–17(c). This argument fails because the rule of lenity only applies in cases where a criminal statute contains ambiguous language. In *State ex rel. Morgan v. Trent*, 195 W.Va. 257, 262, 465 S.E.2d 257, 262 (1995), this Court stated

> It is generally recognized that in construing an ambiguous criminal statute, the rule of lenity applies which requires that penal statutes must be strictly construed against the State and in favor of the defendant ... The rational for the rule of lenity is to preclude expansive judicial interpretations [that] may create penalties for offenses that were not intended ... The rule of lenity serves to ensure both that there is fair warning of the boundaries of criminal conduct and that legislatures, not courts, define criminal liability.

(Citations omitted).

▄▄▄ This Court has addressed *W.Va. Code* § 61–5–17(a) on multiple occasions and has never found it to be ambiguous.[5] "Where the language of a statute is clear and without ambiguity the plain meaning is to be accepted without resorting to the rules of interpretation." Syllabus Point 2, *State v. Elder*, 152 W.Va. 571, 165 S.E.2d 108 (1968). In Syllabus Point 1 of *State v. Flinn*, 158 W.Va. 111, 208 S.E.2d 538 (1974), we held that "[a] criminal statute must be set out with sufficient definiteness to give a person of ordinary intelligence fair notice that his contemplated conduct is prohibited by statute and to provide adequate standards for adjudication." We find that *W.Va.Code* § 61–5–17(a) contains a clear, definite statement of our law on obstruction and that it gives a person of ordinary intelligence fair notice of conduct that is prohibited under the statute. The doctrine that ambiguities in criminal statutes must be resolved in favor of lenity is not applicable here since there is no ambiguity to resolve.[6]

---

4. Ms. Davis' brief states, "This Defendant committed conduct which violates a statute (W.Va. Code § 61–5–17(c))."

5. *See e.g., State v. Srnsky*, 213 W.Va. 412, 582 S.E.2d 859 (2003); *State v. Davis*, 199 W.Va. 84, 483 S.E.2d 84 (1996); *State ex rel. Wilmoth v. Gustke*, 179 W.Va. 771, 373 S.E.2d 484 (1988);

and *State v. Jarvis*, 172 W.Va. 706, 310 S.E.2d 467 (1983).

6. Ms. Davis also argues, briefly, that she should have been charged under *W.Va.Code* § 61–5–17(c) because it specifically criminalizes giving false information to a police officer, whereas *W.Va.Code* § 61–5–17(a) is a statute that deals

## IV.

### Conclusion

Based on all of the foregoing, we affirm the decision of the circuit court.

Affirmed.

with obstruction generally. Ms. Davis does not cite any authority from West Virginia in support of this position. In *U.S. v. Batchelder*, 442 U.S. 114, 123–24, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979), the Supreme Court observed:

> This Court has long recognized that when an act violates more than one criminal statute, the Government may prosecute under either so long as it does not discriminate against any class of defendants. (citations omitted). Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion.

In the present case, the State charged Ms. Davis with obstruction pursuant to *W.Va.Code* § 61–5–17(a). Ms. Davis does not assert that her prosecution was motivated because she belongs to a protected class or because of any other improper consideration (gender, race, religion, etc.). The State proved the necessary elements under the statute she was charged with violating. Considering all of these circumstances, and the Supreme Court's holding in *Batchelder*, we find no error in the State's decision to charge Ms. Davis pursuant to *W.Va.Code* § 61–5–17(a), rather than *W.Va.Code* § 61–5–17(c).