# CHARLESTON.

## H. L. WISE *v.* J. W. WISE

### (No. 5413)

Submitted March 2, 1926.   Decided March 9, 1926.

1. ASSUMPSIT, ACTION OF—*Where Plaintiff Has Fully Performed, and Nothing Remains But Duty on Part of Defendant to Pay Money, Plaintiff May Recover Under Common Counts in Assumpsit, and Need Not Declare Specially; Action Being Founded on Implied Undertaking, and Special Contract, Though in Writing, Being Only Evidence of Such Undertaking.*

    Where the plaintiff has fully performed the contract on his part and nothing remains but a duty on the part of the defendant to pay money due the plaintiff thereunder, the plaintiff may recover under the common counts in assumpsit, and need not declare specially. In such case the action is founded on the implied undertaking, and the special contract, though in writing, is only evidence of that undertaking.   (p. 188.)

    (Assumpsit, Action of, 5 C. J. § 22.)

2. LIMITATION OF ACTIONS—*Where Defendant, for Loan by Plaintiff, Promises to Pay to Third Party, From Whom Plaintiff Borrowed Money, Principal and Interest, Plaintiff's Cause of Action Does Not Accrue as Respects Limitations Until Defendant Breaches Agreement, Although Plaintiff's Note to Third Party Has Been Renewed; Where Defendant, for Money Lent Him by Plaintiff, Promises to Pay Third Party, From Whom Plaintiff Borrowed Money, Principal With Interest, Thereon, Defendant's Failure and*

*Refusal to Pay Interest on Plaintiff's Note, Which had Been Renewed, Held to Constitute Breach of Agreement as Respects Limitations.*

Where the defendant in consideration of money loaned him by the plaintiff, promises to pay to a third party, from whom the plaintiff borrows the money for that purpose, the principal sum with interest thereon until paid, plaintiff's cause of action does not accrue until after the defendant breaches his agreement, although plaintiff's note to such third party has been renewed in the meantime; and the defendant's failure and refusal to pay interest on such note will constitute a breach of such agreement. (p. 189.)

(Limitation of Actions, 37 C. J. § 191 [Anno].)

3. INDEMNITY—*Where Defendant, For Money Lent Him by Plaintiff, Promises to Pay Third Party From Whom Plaintiff Borrowed Money, Principal Sum With Interest, Plaintiff's Right of Action for Breach of Such Agreement is Not Affected by Fact That He Had Not Discharged Obligation to Third Party.*

In such case plaintiff's right of action is not affected by the fact that he has not discharged his obligation to the third party. (p. 190.)

(Indemnity, 31 C. J. § 75.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Mineral County.

Action by H. L. Wise against J. W. Wise. Judgment of nil capiat on a directed verdict, and plaintiff brings error.

*Reversed; verdict set aside; new trial awarded.*

*William MacDonald,* for plaintiff in error.
*Ernest A. See* and *Chas. N. Finnell,* for defendant in error.

MILLER, JUDGE:

From a judgment of nil capiat on a directed verdict, plaintiff prosecutes the present writ of error.

The declaration contains only the common counts in assumpsit. Defendant pleaded the general issue and the statute of limitations. After plaintiff's case had been presented to the court and jury, the court sustained a motion to exclude the evidence, and directed a verdict for defendant, on the

theory that the action was barred by the statute of limitations.

Plaintiff's testimony was to the effect that, in February 1918, in closing up their partnership business, he and the defendant, his brother, needed $2,500.00, which he borrowed from the First National Bank of Romney, securing his personal note by a deed of trust on his own property; that the defendant promised to repay to the bank the money so obtained and secured, with interest on the same until paid; that the defendant kept the interest paid for a time, and then failed and refused to make further payments to the bank; and that he had paid the interest from the time of defendant's refusal to do so. Plaintiff offered in evidence the following paper writing: "Williamsport, W. Va. Feb. 8, 1918. For value received I hereby promise and bind myself to H. L. Wise that I will pay to First Nat. Bank of Romney, W. Va., $2500.00 and interest on same until paid for a deed of trust executed to said Bank for said amount, $2500.00 and interest for deed of trust by H. L. Wise and wife, bearing date of February 15th, 1918. (Signed) J. W. Wise." The court permitted this writing to be read to the jury, but later, on motion of defendant's counsel, excluded all of plaintiff's testimony.

Defendant's counsel argue that plaintiff can not recover under the evidence because he failed to declare on the paper writing of February 8, 1918, relied on as evidence of the terms of the agreement between the parties. "Where a plaintiff has done everything which has to be executed on his part, and nothing remains to be done but the performance of a duty on defendant's part to pay money due the plaintiff under the contract, the plaintiff may recover under the common counts in assumpsit, and need not declare specially, however special the contract which has been performed may have been. But in such cases the measure of damages is fixed by the special contract." Burks' Pleading and Practice (2nd ed.) sec. 73, page 119, citing our cases of *Jackson* v. *Hough,* 38 W. Va. 390; *Empire Coal & Coke Co.* v. *Hull Coal & Coke Co.,* 51 W. Va. 474; *Lawson* v. *Williamson Coal & Coke Co.,* 61 W. Va. 669; *Lord* v. *Henderson,* 65 W. Va. 321; *Bannister* v. *Victoria Coal & Coke Co.,* 63 W. Va. 502; and *Mankin* v.

*Jones,* 68 W. Va. 422. In such cases the action is not founded on the written instrument or special contract, but on the implied undertaking, and the writing is only evidence of that undertaking. *Blair* v. *Wilson,* 28 Grat. 165; Burks, supra, page 120. Our cases above cited fully answer defendant's contention, as well as his objection to admitting in evidence the written contract of February 8, 1918.

The cashier of the First National Bank of Romney testified that on February 9, 1918, the bank loaned plaintiff the sum of $2,500.00, for which he gave his note, secured by a deed of trust on real property owned by him; that on November 1, 1918, the defendant paid interest on the note to February 9, 1919, in the sum of $150.00, and on May 1, 1919, interest for six months, amounting to $75.00; that on February 9, 1920, defendant paid $75.00 interest on a renewal of the original note, and again on August 5, 1920, $75.00 interest on the same renewal. It does not appear when the original note became due, but the testimony of the bank's cashier shows that $225.00 interest was paid on this note, which would extend the interest to about August 9, 1919.

The deed of trust provided that the conveyance was made, "in trust, nevertheless, to secure the payment of a note of even date herewith of the parties of the first part for the sum of two thousand five hundred ($2500.00) dollars, with interest from date, six months after date, to The First National Bank of Romney, or order, and also, to secure the payment of any renewal or renewals of said note in whole or in part."

Defendant relies on the proposition that where the declaration is on the common counts in assumpsit for money had and received the suit is barred after five years from the time plaintiff's right of action accrues. But when did right of action accrue in this case? Was it not when defendant breached his agreement to take care of plaintiff's obligation to the bank? It could not have accrued before plaintiff's note to the bank became due and payable. And it does not appear when the original note became due. The testimony of the bank's cashier is that defendant paid interest on the original note to about August 9, 1919. If we can infer from this fact that the

maturity of the note was on that date, the action, commenced July 7, 1924, was brought within the time required by the statute. The only evidence against this theory of fact is the recital in the deed of trust that it was to secure a note, ''six months from date.''

Regardless of the date of maturity of plaintiff's original note, it is to be observed that by his contract defendant bound himself to plaintiff to pay the bank ''2500.00 and interest on same until paid for deed of trust,'' etc. He did not bind himself to pay any particular note, nor to pay plaintiff on demand, but to discharge plaintiff's obligation to the bank, including principal and interest, and to pay the interest until such obligation was discharged. And he fully complied with his agreement until he failed and refused to make further payments to the bank. While the written agreement of February 8, 1918, set out the amount to be paid, and the manner in which, or to whom, it was to be paid, it did not specify any particular time within which the principal sum was to be discharged; and as long as defendant was not in default, plaintiff had no right to demand the return of his money, and had no right of action. There is nothing in the record to show that the bank demanded payment by plaintiff. Even if the note was renewed, that was an act of the plaintiff, one of the parties to the contract, acquiesced in by defendant as evidenced by his payment of interest on the renewal note. And the subsequent acts of the parties are to be considered in determining the intention of such parties, where there is ambiguity or uncertainty as to their intention. *Wetterwald* v. *Woodall,* 83 W. Va. 647; *Refining Company* v. *Coal Company,* 92 W. Va. 479; *Ramage* v. *Oil Company,* 94 W. Va. 81. Plaintiff says that defendant promised to repay him in a particular manner, and it appears that for a period of two and a half years the latter did comply with the agreement, apparently to the satisfaction of both parties. Plaintiff had no right to anticipate a breach of the contract while defendant kept up his payments. *Swiger* v. *Hayman,* 56 W. Va. 123.

Defendant seeks to deny plaintiff recovery in this action on the ground that the latter had not, at the time of the institution of the suit, repaid the bank. But plaintiff was not a

surety for defendant. And there is nothing in the record tending to show that the bank knew of the contract between the parties, or why the defendant was paying interest on the loan to plaintiff. The transactions between plaintiff and the bank, and between plaintiff and defendant were entirely independent. It mattered not where plaintiff secured the money alleged to have been paid to defendant, or how it was to be repaid, by the transaction defendant became plaintiff's debtor. Plaintiff's action is based upon his contract with defendant; and he was injured immediately upon the latter's failure and refusal to comply with the agreement, for from that time he was required to pay to the bank the interest which defendant promised to pay, and in view of defendant's breach must anticipate he would have to pay the principal sum also. Before bringing suit he waited almost five years after defendant's default.

The judgment will be reversed, the verdict of the jury set aside, and the plaintiff awarded a new trial.

*Reversed; verdict set aside; new trial awarded.*