# CHARLESTON.

## STATE. *v.* JOE KOSKI.

### (No. 5265.)

Submitted April 20, 1926.    Decided April 27, 1926.

1. JURY—*Juror is Not Disqualified Because of Having Served on Jury at Same Term of Court in Trial of Similar Offense, if He Satisfies Court by Answers to Questions That He Can Give Defendant Fair Trial.*

   A juror is not disqualified by reason of having served on a jury at the same term of court in the trial of a case for a similar offense, provided he satisfies the court by unequivocal and satisfactory answers to questions that regardless thereof he can give the prisoner a fair trial according to the law and the evidence produced on the trial. (p. 479.)

   (Juries, 35 C. J. § 345.)

2. INDICTMENT AND INFORMATION—*"Bill of Particulars" is for Purpose of Furnishing Details Omitted From Accusation or Indictment; Where Bill of Particulars, Read in Connection With Indictment, Fully Informs Defendants of Nature of Offense and Time and Place of Commission Thereof, it is Sufficient.*

A bill of particulars is for the purpose of furnishing details omitted from the accusation or indictment, and, where the bill of particulars furnished by the State, read in connection with the indictment, fully informs the defendant of the nature of the offense with which he is charged, the time and place of the commission thereof, it is sufficient. (p. 479.)

(Indictments and Informations, 31 C. J. §§ 308, 309.)

3. CRIMINAL LAW—*Instructions Are Properly Refused, Where Other Instructions Given Fully and Sufficiently Cover Principles of Law in Those Rejected.*

Instructions are properly refused where other instructions given fully and sufficiently cover the principles of law laid down in the rejected instructions. (p. 480.)

(Criminal Law, 16 C. J. § 2506.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc Not part of syllabi.)

Error to Circuit Court Marshall County.

Joe Koski was convicted of selling intoxicating liquors, and he brings error.

*Affirmed.*

*Martin Brown,* for plaintiff in error.

*Howard B. Lee,* Attorney General, and *R. A. Blessing,* Assistant Attorney General, for the State.

WOODS, JUDGE:

Upon an indictment charging him with selling liquor, defendant was convicted and sentenced to serve six months in jail and to pay a fine of $500.00.

Glen Coe testified that he went to the Koski house, in Moundsville, Marshall county; was admitted; asked for a pop bottle full of liquor; received the same from hands of defendant Joe Koski; and paid him one dollar for the same. H. G. Smith, a prohibition officer, testified that he searched witness Coe before he started out to make the said purchase; that he watched him enter the Koski house and saw him come

out; that the liquor introduced in evidence as a part of Coe's testimony was found on Coe's person after he came out of the house. The defendant denies making the sale.

The several assignments of error set out in defendant's petition will be considered in their order.

It is contended that the court erred in leaving Lester Mc-Swain on the panel of twenty jurors, since he had been a member of the jury which had rendered a verdict of guilty in a similar case against defendant's brother, on a former day of said term of court. McSwain, on his *voir dire,* testified that he did not know defendant; had formed or expressed no opinion as to his guilt or innocence; was conscious of no bias or prejudice for or against him; and that he could give defendant a fair and impartial trial, and return a verdict according to the law and the evidence. A juror is not disqualified by reason of having served on a jury at the same term of court in the trial of a case for a similar offense. McSwain satisfied the presiding judge of his fairness and impartiality to serve as a juror, and was properly left on the panel. *State* v. *Richards,* 101 W. Va. 136; *State* v. *Larue,* 98 W. Va. 667; *State* v. *Porter,* 98 W. Va. 390; *State* v. *Toney,* 98 W. Va. 236.

The indictment in the instant case was drawn under the statute, and charged that defendant on the ......... day of October, 1923, "did unlawfully sell, offer, keep, store, and expose for sale, and solicit and receive orders for liquors and absinthe, and drinks compounded with absinthe." The State, on motion of the defendant, filed a bill of particulars indicating that she would "attempt to prove sales of intoxicating liquors". And defendant assigns the court's refusal to require the State to "specify the time, place and to whom the sale was made" as error. The indictment, read in connection with the bill of particulars, furnishes the date of the offense and the place of sale. Only one sale of intoxicating liquors was attempted to be shown in evidence by the State, and this conformed to the time and place alleged in the indictment. All of the requisites of a bill of particulars were furnished. It is within the discretion of the court as to whether the bill is sufficient, or whether in fact one be required. *State* v.

*Counts,* 90 W. Va. 338; *Hale* v. *Commonwealth,* 132 Va. 678; *Barker* v. *Commonwealth,* 133 Va. 633; *Fitzpatrick* v. *Commonwealth,* 135 Va. 504.

The court gave but three instructions for the State. One relating to the unanimity of the verdict—approved in *State* v. *Edgell,* 94 W. Va. 198. The other two told the jury, in effect that they were the sole judges of the weight of the testimony—instructions that have time and again had the stamp of approval of this Court.

The defendant asked for fifteen instructions, and the court gave all but five. The instructions refused were where other instructions already given fully and sufficiently covered the principles of law laid down in the rejected instructions. They were properly refused. *State* v. *Cook,* 94 W. Va. 166; *State* v. *Wriston,* 93 W. Va. 568; *State* v. *Laura,* 93 W. Va. 250; *State* v. *Price,* 92 W. Va. 542. So it would seem that the jury was fully and correctly advised upon the law governing the case. The evidence of the defendant's guilt was convincing.

Perceiving no material error in the case, the judgment of the lower court is affirmed.

*Affirmed.*