# CHARLESTON.

## STATE v. MARVIN HARRIS

### (No. 6116)

Submitted January 31, 1928. Decided February 7, 1928.

1. INDICTMENT AND INFORMATION—*Under Indictment Charging Contributing to Delinquency by Encouraging Minor to Commit Acts, Naming Them, Defendant is Not Entitled to Bill of Particulars (Barnes' Code 1923, c. 46-A, § 26).*

   An indictment predicated on section 26, of chapter 46-A, Barnes' Code, 1923, charging the accused of causing, encouraging and contributing to the delinquency of the child named therein, under the age of sixteen years, by enticing and encouraging her to commit acts, naming them, the commission of which under the statute constitutes delinquency, and alleging that said offense was committed at divers times within one year of the finding of the indictment does not entitle the accused to a bill of particulars giving him "notice of the time or times the State will claim, and offer to prove, any such alleged unlawful acts to have been committed by him." (p. 166.)

   (Indictments and Informations, 31 C. J. § 308.)

2. INFANTS—*Offense of Contributing to Minor's Delinquency is Complete When Acts Tend to Render Child Delinquent, it Being Unnecessary That She Become Delinquent (Barnes' Code, 1923, c. 46-A).*

   Under chapter 46-A, Barnes' Code, 1923, the offense of contributing to the delinquency of a child is complete when acts

are committed which directly tend to render the child delinquent; and it is not necessary that the child who is the subject of the offense shall be, or become a delinquent child. (p. 168.)

(Infants, 31 C. J. § 17.)

3. SAME—*Criminal Intent is Not Necessary Element of Offense of Contributing to Delinquency of Minor Child (Barnes' Code 1923, c. 46-A, § 26).*

Criminal intent is not a necessary element of the offense created by section 26, of chapter 46-A, Barnes' Code, 1923. (p. 170.)

(Infants, 31 C. J. § 17 [Anno].)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Marshall County.

Marvin Harris was convicted of contributing to the delinquency of a minor child under age of 16 years, and he brings error.

*Affirmed.*

*Hugo F. Chestosky,* and *D. B. Evans* and *Martin Brown,* for plaintiff in error.

*Howard B. Lee,* Attorney General, and *W. Elliott Nefflen,* Assistant Attorney General, for the State.

MILLER, PRESIDENT:

The defendant was tried and convicted on an indictment charging that he "on the .... day of March in the year of our Lord one thousand nine hundred and twenty-seven, in the county aforesaid, and at divers other times within one year next preceding the finding of this indictment, did unlawfully cause, encourage, and contribute to the delinquency of Gertie Smith, an infant child of John Smith of said county, as such term with reference to children is defined in the statutes of the State of West Virginia, she, the said Gertie Smith, being then and there a child under the age of eighteen years, to-wit of the age of fifteen years, by enticing and encouraging the said Gertie Smith to absent herself from her home without just cause and without the consent of her parents, by enticing and encouraging the said Gertie Smith to knowingly associate with immoral persons, and by enticing and encouraging the

said Gertie Smith to wander about the streets in the night time without being on any lawful business or lawful occupation, against the wish and over the objection of the said John Smith, her father, in violation of the statutes of the State of West Virginia in such case made and provided, and against the peace and dignity of the State.''

This indictment is predicated on section 26 of Chapter 46-A of the Code, (Acts 1915, Ch. 70; Acts 1919, Ch. 111, sec. 26), providing that: ''Any person who shall by any act cause, encourage, or contribute to the delinquency of a child, as this term with reference to children is defined by the statutes of this State, or who shall for any cause be responsible therefor, shall be guilty of a misdemeanor,'' etc. The act referred to, by section 1 thereof, provides that the words ''delinquent child'' used therein, shall mean any male or female child who, while under the age of eighteen years, among the other acts named therein, ''knowingly associates with thieves, vicious or immoral persons,'' or ''without just cause and without the consent of its parents, guardian or custodian absents itself from its home or place of abode,'' or ''wanders about the streets in the night time without being on any lawful business or lawful occupation.''

The defendant complains of the action of the trial court in refusing to require the State to file a bill of particulars. By his affidavit in support of his motion for a bill of particulars, the defendant alleges that ''he can not safely go to trial upon said indictment without notice of the time or times the State will claim, and offer evidence to prove, any such alleged unlawful acts to have been committed by him.'' We think the defendant was not prejudiced by the action of the trial court. The statute clearly defines the offense created thereby; and the indictment is framed in the words of the statute. The Legislature could not possibly inticipate and set out in words every particular act that might constitute the offense. Defendant was charged with knowledge of every act committed by him in his relation with the child, and must know whether or not and when he was encouraging or enticing her to do the things which, under the statute, constitute delinquency. The State in a prosecution for contrib-

uting to the delinquency of a child is not confined to a single act on the part of the accused, but may prove any act tending to contribute to such delinquency. 16 C. J. 596. It is not the act itself, but causing, encouraging or contributing to the delinquency, that constitutes the crime. Here defendant did not ask the State to designate the particular acts relied on, but only the time or times it would claim they were committed. How the defendant could have been benefited by such information does not appear. By the indictment he was "fully and plainly informed of the character and cause of the accusation", and of the time within which the offense alleged was committed.

. The defendant contends that section 34 of chapter 46-A of the Code, which the court presented to the jury by State's instruction number 2, is unconstitutional and void. This section reads as follows: "In order to find any person guilty of violating this act, it shall not be necessary to prove that the child actually become delinquent; provided, it appears from the evidence that through any act of neglect or omission of duty or by the improper conduct on the part of any such person the delinquency of any child may have been caused or merely encouraged." This section simply evinces one of the purposes of the statute to be the prevention of delinquency in children. A reading of the whole statute will show that its main purpose is to prevent delinquency and dependency, and to provide for the detention and reformation of those who have actually become delinquent as defined therein. Whether or not the act tending to cause or produce delinquency in a child accomplished that fact, such act is punishable under the statute although the child affected does not in fact become delinquent. Similar statutes have been so construed. "The crime of contributing to the delinquency of a child is complete when acts are committed which directly tend to render the child delinquent, and it is not necessary that the child who is the subject of the crime shall be delinquent or shall become a delinquent child." *People* v. *Max Klyczek*, 307 Ill. 150; *State* v. *Dunn*, 53 Ore. 304, 99 Pac. 278.

It is said that the trial court should have directed a verdict for the defendant because the evidence is not sufficient to

sustain a conviction. The acts relied on to constitute the offense charged were that the defendant on a number of occasions took Gertie Smith out in his automobile and kept her out late at night against the direct orders of her father, that she should not be away from home at night, except when he gave her express permission to do so. The admitted facts are that the defendant and one Charlie Fry, who was employed at the same place with him, took Gertie Smith and her younger sister, and sometimes a cousin, out in defendant's automobile, and were out as late as eleven o'clock at night. At no time did they go directly to the girl's home to call for her, but parked two doors away, and blew the automobile horn to call her out. Defendant insists that he did not solicit the girls to go with them at any time, but that Fry did, or that the girls accosted them on the street and asked to be taken in the automobile. Gertie Smith and her father both testify that he had forbidden her to go out with these men. Whatever the particulars may be, the fact remains that defendant took the girls out in his car at night, and that Gertie Smith absented herself from her home without just cause and without the consent of her parents. This of itself is sufficient to constitute delinquency under the statute.

Objection is made to the State's instruction number one defining the term "delinquent child", because it is said the evidence does not prove that Gertie Smith was delinquent. As we have said, it is not necessary that the child be or become actually delinquent to sustain the charge of contributing to or encouraging delinquency, and besides, the girl in this case, by her conduct in absenting herself from home without the consent of her parents, by the terms of the statute became a delinquent child as defined therein.

It is said that State's instruction number three is bad. This instruction told the jury that if they believed any witness had testified falsely as to any material fact, they had the right to disregard all the testimony of such witness so testifying falsely, or to give his testimony or any part thereof such weight only as the same in their opinion might be entitled to. The criticism of this instruction is not well taken, nor the

cases cited applicable. It was not intended to apply alone to the testimony of the defendant, as the instructions in those cases appeared to be.

The action of the court in striking from defendant's instruction number fifteen the words "in whole or", is assigned as error. It does not appear from the record what the instruction as offered was, or from what part of the same the court struck out the words in question.

Defendant's instruction number seventeen would have told the jury that criminal intent is a necessary element of the offense of causing, encouraging or contributing to the delinquency of a child. It is true that as a general rule intent must be alleged and proved, and in such case when asked for an instruction on intent should be given. But where an act not in itself unlawful is made unlawful from motives of public policy, the rule is otherwise. *State* v. *Boggs,* 103 W. Va. 641, and cases cited. Here the conduct of the defendant complained of was made an offense in the furtherance of the spirit and·purpose of the statute, which was, in part, to prevent delinquency in children under the age of eighteen years.

Finding no prejudicial error in the trial of the case, the judgment will be affirmed.

*Affirmed.*