STATE OF WEST VIRGINIA

*v.*

WAYNE STOLLINGS

(No. 9740)

Submitted January 9, 1946.   Decided February 19, 1946.

*W. F. Damron* and *Peyton & Winters,* for plaintiff in error.

*Ira J. Partlow,* Attorney General, and *Ralph M. Hiner,* Assistant Attorney General, for defendant in error.

RILEY, JUDGE:

The defendant, Wayne Stollings, was indicted by the grand jury of Lincoln County, West Virginia, of feloniously and unlawfully operating "a motor vehicle, to-wit: a 1937 Ford Tudor Sedan * * * upon a public road in said Lincoln County, West Virginia, to-wit: State Route No. 10 in said Lincoln County while intoxicated or under the influence of intoxicating liquor, drugs or narcotics", in violation of Code, 17-8-25, and of a prior conviction before a justice of the peace of Lincoln County, West Virginia, upon a warrant issued on October 8, 1936, charging that said Wayne Stollings "did unlawfully operate a motor vehicle upon a public road in said Lincoln County while intoxicated or under the influence of intoxication liquors, drugs or narcotics". Defendant demurred to and moved to quash the indictment, and objected and excepted to the action of the court in overruling the demurrer and motion to quash.

In addition to the conviction in Lincoln County embraced in the indictment, the prosecuting attorney filed

information of three prior convictions for violation of the National Prohibition Act in the District Court of the United States for the Southern District of West Virginia, on January 2, 1930, April 19, 1933, and March 12, 1935, respectively. Defendant was found guilty "as charged in the within indictment" and sentenced to life imprisonment in the penitentiary.

In this Court the defendant urges several assignments of error, the first of which is that the circuit court erred in overruling defendant's demurrer to and motion to quash the indictment. The question arising on this first assignment of error is, in our opinion, controlling on this writ of error.

Code, 17-8-25, as amended and reenacted by Chapter 64, Acts 1935, the statute upon which this prosecution is based, reads in part: "No person shall drive or operate any vehicle, motor driven or otherwise, upon any public road or street in this state, while intoxicated or under the influence of intoxicating liquor, drugs or narcotics." This Court had the foregoing statute under consideration in the rather recent case of *State* v. *Keller,* 118 W. Va. 296, 191 S. E. 201, which involved a warrant charging defendant with unlawfully driving and operating a "certain [motor] vehicle, to wit: An automobile on a certain public highway within this state while he the said Freeman Keller was then and there intoxicated *and* under the influence of intoxicating liquor, drugs or narcotics." (Italic ours.) It is to be noted that in the *Keller* case the warrant followed the language of the statute except that the word "and" was used between the words "intoxicated" and "under", instead of the word "or", as used in the statute. The majority opinion of the Court, to which two members dissented, held that the warrant met the requirement of Article III, Section 14, of the Constitution, that the accused person "shall be fully and plainly informed of the character and cause of the accusation."

In a number of cases prior to the *Keller* case this Court has considered warrants and indictments involv-

ing statutes which describe several offenses or several different modes of committing an offense by separating them with the disjunctive "or". In *State* v. *Dawson*, 117 W. Va. 125, 184 S. E. 253, it was held that the use ·of the word "or" in conjunction with gaming devices enumerated in Code, 61-10-1, in an indictment which charged the keeping and exhibiting of different sorts of gaming devices, naming them in the disjunctive, is bad on demurrer. There the first count of the indictment, following the language of the statute, charged that defendant did "unlawfully keep and exhibit gaming tables commonly called A. B. C. and E. O. tables or faro bank or keno tables and other gaming tables and devices of like kind"; and the second count of the indictment charged that defendant was "concerned in interest" in keeping and exhibiting gaming tables, described in the identical language used in the first count of the indictment. In *State* v. *Miller*, 68 W. Va. 38, 69 S. E. 365, an indictment charging the practicing of dentistry for a salary, fee or reward without a state license, disjunctively, towit: "Performance of operations or parts of operations, treating of diseases or lesions of the human teeth or jaw" was bad because the indictment should have used the conjunctive "and" instead of the disjunctive "or". In the earlier case of *State* v. *Charlton*, 11 W. Va. 332, an indictment which charged the defendant with selling, without license, intoxicating liquors to be drunk where sold was held defective on demurrer because of the use of the disjunctive "or", though the indictment, following the language of Chapter 99, Section 1, Acts of the West Virginia Legislature, 1872-73, which created the offense, charged that defendant sold intoxicating liquors to be drunk "in, upon, or about the building *or* premises where sold, without [first] obtaining a State license therefor according to law". (Italic supplied.) But in *Cunningham* v. *State*, 5 W. Va. 508, this Court, following the Virginia case of *Morgan* v. *Commonwealth*, 48 Va. 592 (7 Gratt.), decided without opinion, affirmed a conviction of defendant on the charge of sale at retail of "rum, wine, brandy, or other spirituous

liquors" to be drunk in his house. Judge Berkshire, who wrote the opinion of this Court, declared, in effect, that if the question were open, he would be disposed to think that there was much force in it, but that the Court was bound by the decision of the Virginia court in Morgan's case. Thereafter, in the *Charlton* case, Judge Green, speaking for the Court, expressed the opinion that the rule in *Morgan* v. *Commonwealth,* should not be extended to what was then the general rule to a case not involving a description of different kinds of liquor. At this late date, we are unable to say whether Judge Green and his colleagues on this Court thought that the rule as to use of disjunctive allegations in an indictment involving the sale of intoxicating liquors, was too well settled to be disturbed or it was too difficult to charge offenses for the illegal sale of intoxicating liquor in view of the difficulty of specifying the various kinds.

The instant indictment, in our opinion, sets forth four distinct statutory offenses, that is driving or operating any vehicle, motor driven or otherwise, upon any public road or street while (1) "intoxicated"; (2) "under the influence of intoxicating liquor"; (3) "under the influence of drugs"; or (4) "and under the influence of narcotics." It is noted that in the *Keller* case the warrant charged that defendant was "intoxicated and under the influence of intoxicating liquors, drugs *or* narcotics". (Italics supplied). We disapprove the decision in that case in so far as it justifies the use of the disjunctive "or" between the words "drugs" and "narcotics", for the reason that we do not feel justified in departing from the rule inherent in our criminal practice that indictments should not set forth in the disjunctive separate and distinct offenses. This rule has been applied uniformly by this Court in every case, except the *Keller* case and those cases, such as *Cunningham* v. *State, supra,* in which the defendant was charged with the sale at retail of "rum, wine, brandy, or other spirituous liquors" to be drunk in defendant's house. The rule simply re-

quires that a defendant be distinctly informed in the indictment of the crime or crimes for which he is to be tried. It is, as suggested by this Court in the *Dawson* case, a "time-honored and rudimentary rule of criminal pleading," It is consonant with justice that a person should not be arraigned for criminal trial, in the absence of a warrant or indictment fully informing him as to the crime with which he is charged. A contrariwise rule would break down the constitutional safeguards which have been wrapped around the citizenry of this State. We, therefore, are of the opinion that the instant indictment does not meet the requirements of West Virginia Constitution, Article III, Section 14.

For the foregoing reasons the judgment of sentence is reversed, the verdict set aside, and the case remanded to the Circuit Court of Lincoln County, with direction that the indictment be dismissed.

*Reversed and remanded.*

Fox, Judge, dissenting:

I am unable to agree with the holding of the majority in this case, and am of the opinion that the importance of the question involved, in its bearing upon law enforcement in this State, justifies a rather full discussion thereof.

The indictment charges that defendant "did operate a motor vehicle * * * upon a public road in said Lincoln County, West Virginia, * * * while intoxicated or under the influence of intoxicating liquor, drugs or narcotics * * * in violation of Chapter 17, Article 8, Section 25 of the West Virginia Code of 1943, against the peace and dignity of the State." The statute under which this indictment was returned reads: "No person shall drive or operate any vehicle, motor driven or otherwise, upon any public road or street in this state, while intoxicated or under the influence of intoxicating liquor, drugs or narcotics * * *." It appears, therefore, that the indictment, in that it uses the words "while intoxicated or

under the influence of intoxicating liquor, drugs or narcotics" employs the exact language of the statute on which it is based.

I yield to no one in my desire that every person charged with crime shall have a fair trial; and agree that he is entitled to have the charge against him fairly and clearly stated, and, as required by Section 14, Article III of our Constitution, "shall be fully and plainly informed of the character and cause of the accusation" against him. If I believed that, in this instance, the indictment failed to fully acquaint defendant of the charge against him, I would join the majority of their holding that the indictment is insufficient; but I cannot bring myself to believe that such is the case.

What is the gravamen of the charge against defendant? It is that he operated a motor vehicle upon a public road in Lincoln County "while intoxicated or under the influence" of either intoxicating liquor or drugs or narcotics. Intoxication is the outstanding offense. Being under the influence of that which produces intoxication is made an offense by statute. If a person is intoxicated from the use of liquor, drugs or narcotics, it follows that he is under the influence of one or the other. It is all one offense, and the penalty is the same whether the intoxication or the influence is produced by the use of liquor, drugs or narcotics. How is the defendant prejudiced by a charge such as that contained in the indictment at bar? In effect, the offense charged is that defendant, through the use of liquor, drugs or narcotics, deprived himself of his usual normal faculties, and while in that condition operated a motor vehicle on the public highway. Of what consequence is it to the defendant whether that condition was brought about through the use of liquor, drugs or narcotics? Why adopt a rule which will, in the future, require grand juries in drunken driving cases either to return separate indictments for (1) intoxication from the use of intoxicating liquor; (2) being under the influence of intoxicating liquor; (3) intoxication from the use of drugs; (4) being under the

influence of drugs; (5) intoxication from the use of narcotics; and (6) being under the influence of narcotics, or return one indictment in six separate counts, all to cover what I think is one offense. Why impose upon law enforcement officers such a burden, when to do so does not inform the defendant of anything which he does not already know?

But if we could conceive of a case where there would be any real or practical reason why the defendant might want to know whether he is being charged with being intoxicated or only being under the influence of liquor, drugs or narcotics, or whether liquor, drugs or narcotics produced the condition intended to be charged against him, he could call upon the court to require the State to furnish a bill of particulars. *State* v. *Lewis*, 69 W. Va. 472, 72 S. E. 475; *State* v. *Dawson,* 117 W. Va. 125, 184 S. E. 253. Or if, at the close of the State's case, evidence tending to establish two or more offenses against a defendant has been produced, he may call on the State to elect the proof of which of the offenses it relies upon for conviction. Thus, at every stage of the trial, defendant is fully protected in his right to have the charge against him amplified and explained.

The question of the use of the disjunctive in warrants and indictments is a troublesome one, and has perplexed this Court for many years. In 1936 in the case of *State* v. *Dawson, supra,* a gaming device case, this Court, with two Judges dissenting, held bad an indictment stating the charge in the disjunctive. In doing so it ignored Wyatt's Case, 6 Rand. 694, and *Huff* v. *Commonwealth,* 14 Gratt. 648. These cases uphold the proposition "that the distinctive feature in the character of the games enumerated is, that the chances of the game are unequal, all other things being equal, and those unequal chances are in favor of the exhibitor of the games or tables. Where the offense charged is the exhibition of any of the gaming tables enumerated, nothing more need be averred, for the statute makes the exhibiting of any of the gaming tables named a penal offense; and there-

fore the offense is sufficiently described by the name set forth in the statute, and no further description is necessary; being one of the enumerated games, the exhibition of it is unlawful. Where the offense charged is for keeping and exhibiting a game not enumerated, there must be some averment showing it to be one of the unequal games belonging to the same class with the enumerated games." This ruling was followed in the case of *State* v. *Lett,* 63 W. Va. 665, 60 S. E. 782, wherein Judge Brannon quotes with approval a part of the language quoted from *Huff* v. *Commonwealth, supra,* although in that opinion he quotes from *State* v. *Mitchell,* 47 W. Va. 789, 35 S. E. 845, that "Though generally sufficient to charge in an indictment an offense in the words of a statute, yet if this does not sufficiently define the particular wrongful act, and give notice to the defendant of the offense he is required to meet,—the particular criminal act in its essentials—the statute words must be expanded by such specification of the essentials as will defiine the offense with particularity." Judge Brannon's discussion may be termed *dicta,* but it clearly indicates what he thought the true rule to be. In my opinion, the rule announced in gaming cases as to the enumeration of different characters of gambling devices should be applied to the case at bar.

Practically one year after the *Dawson* case was decided, this Court had before it the case of *State* v. *Keller,* 118 W. Va. 296, 191 S. E. 201, and, with two Judges dissenting, it held, in a drunken driver case, that a warrant which contained a charge that defendant drove an automobile on a public highway while "intoxicated and under the influence of intoxicating liquor, drugs or narcotics" met the constitutional requirement of Article III, Section 14 of our Constitution that the accused should be fully and plainly informed of the character and cause of the accusation against him. Now, the *Keller* case is overruled, with two Judges dissenting. As the situation stands, no one can know what is the law on the subject, or if he thinks he knows, cannot be

certain how long it will remain the law, and this, I think, is to be deplored.

As I view the question, there is no need for the application of any hard and fast rule in its solution. I do not question the general rule which frowns upon the use of the disjunctive in charging a criminal offense, where, in doing so, uncertainty is created, and the defendant cannot, in fact, know just what he is charged with, or what he is called upon to meet; but I do not think it should be applied to offenses growing out of the use of gaming devices, intoxicating liquors, drugs or narcotics, which produce intoxication, deadly weapons and other cases where the State is in no position to define the particular character of the object, game, liquor or type of drug involved, where the use of any one thereof creates an offense, and particularly where there is no distinction as to penalty, and where no real prejudice to the defendant can possibly be involved. It is well known that the rule is not followed in liquor cases, nor in deadly weapon cases, nor until *State* v. *Dawson, supra,* was it applied in gaming device cases. Up to that time the courts seemed satisfied with the then general rule that an indictment in the words of the statute was good on demurrer. This general rule is well stated in *Huff* v. *Commonwealth, supra.*

Prior to *State* v. *Dawson, supra,* I do not think anyone could be certain of what the law was on the fundamental question in issue in the case at bar. In *Morgan* v. *Commonwealth,* 7 Gratt. 592, it was held: "In an indictment for retailing ardent spirits without a license, to be drank where sold, it is not error to use the word 'or' in speaking of the various kinds of spirituous liquors charged to have been sold." In *Cunningham* v. *State, supra,* 5 W. Va. 508, this Court, following the *Morgan* case, held: "It is not error to charge the offense of selling spirituous liquors, wines &c., without a license, in the disjunctive, instead of the conjunctive, by using the word 'or' in lieu of 'and', in describing the various kinds of liquors and drinks charged in the indictment to have been sold with-

out a license." *State* v. *Charlton,* 11 W. Va. 332, decided in 1877, was a case where the indictment was for selling without license intoxicating liquors to be drunk where sold, under a statute then in effect, and that defendant "did sell [to a person therein named] intoxicating liquors to be drank in, upon, or about the building or premises where sold, without obtaining a State license therefor according to law." It was held: "Upon demurrer this indictment is fatally defective, for uncertainty in charging that the liquor was to be drank either in the building or upon the premises." It will be noted that the holding is based upon the creation of an assumed uncertainty. In the body of the opinion it is stated: "If this indictment had followed the words of the statute, it would have been bad, for it would have violated the well established rule that an indictment must not state the offense disjunctively, when it is thereby left uncertain what is really intended to be relied on as the accusation." What-. ever explanation of that case may be attempted, it seems entirely clear that Judge Green, who wrote the opinion, was of the view that the general rule which permits the stating of a charge in an indictment by the use of the words of the statute should not be employed, where by so doing uncertainty was created: the converse of the holding would be that, if no uncertainty is created, the use of the words employed by the statute would be sufficient. The question apparently remained at rest until 1910, when in the case of *State* v. *Miller,* 68 W. Va. 38, 69 S. E. 365, this Court held that an indictment for practicing dentistry for a salary, fee or reward, without a state license therefor, charging, not a substantive offense in general terms, but disjunctively the doing of certain acts, declared by the statute to constitute the practice of dentistry, using the disjunctive "or" instead of the copulative conjunction "and", is bad for uncertainty, and will be quashed. In the body of the opinion, written by Judge Poffenbarger, it is stated that the indictment "charges disjunctively the doing of a number of acts, any one of which the statute declares shall constitute the practice of dentistry within the meaning of the act,

if done for a salary, fee or reward, to-wit: performance of operations or parts of operations, treating of diseases or lesions of the human teeth or jaw, and others, using the disjunctive 'or' instead of the copulative conjunction 'and'." It can be seen how in such a case it could reasonably be said that there was some uncertainty as to just what offense the defendant had committed. These are the only cases which bear upon the question until the decision in the case of *State* v. *Dawson, supra.* I do not think they justify that decision, or the application to the case at bar of the rule announced therein.

But the majority would base their position on the provisions of Section 14, Article III of our Constitution. In this or some other opinions on the subject, they seem to be under the fear that any departure from the rule they contend for would "break down the constitutional safeguards which have been wrapped around the citizenry of this State", and surrender vital rights which we of the Anglo-Saxon race have struggled for over the centuries. I do not believe the situation is as serious as that. I hope and believe that reasonable and common-sense application of the statutes of this State to the prosecution of persons charged with drunken driving, gambling, prostitution and other types of crime which have created one class of grave domestic problems of the present day, would leave us our cherished liberties, not only unimpaired, but enhanced in value. Eloquent, even lyrical, phrases are used to picture our legal rights, whether they be inherent under our system of Government, or assured by the Constitution and Bill of Rights. With that position, and the spirit which prompts it, I do not disagree. But I would like to hear some voice raised in behalf of the law-abiding people of the State, to whom crime is abhorrent, and who expect the law-enforcement agencies of the State, in all its subdivisions and departments, to protect them. I would like to hear some one speak for the conscientious and honest law enforcement officers who, in their line of duty, are hampered and impeded in their work by unreasonable rules

to which men resort when accused of crime, and which rules are, in my opinion, too often recognized by the courts. I would give every accused person a fair trial. He is entitled to that and no more. He is not entitled to be coddled, nor, if guilty, to have freedom awarded to him by a court on some excuse which cannot be related to the realities of the situation presented. Here an habitual criminal, found guilty by a jury, goes unwhipped of justice to take up his old vocation, which, from the record, would appear to be crime, because, forsooth, the word "or" was used in an indictment in two places, where the word "and" might have been used. No one claims that the indictment does not charge him with the offense of driving a motor vehicle while intoxicated; but it is stated that the charge is not clear, that is, whether he was only under the influence of liquor, drugs or narcotics, or, if under such influence, which of these agents produced it, and on this point he goes free. In my opinion, the time has come when we should mold our law to avoid the results which will flow from the majority opinion in this case.

I would hold the indictment good, and decide the case on its merits.

I am authorized to say that Judge Lovins joins in this dissent.