STATE *ex rel.* RUBY TURNER, *etc.*

*v.*

JAMES G. McCLURE, *Judge,* CIRCUIT COURT, BROOKE COUNTY, *et al.*

(No. 12914)

Submitted February 3, 1970.    Decided March 17, 1970.

Dissenting Opinion March 26, 1970.

*Thomas D. Hagg, Donell, Tarr & DeLaMater,* for relator.

*Herman J. Rogerson,* for respondents.

BERRY, JUDGE:

In this original proceeding in prohibition the petitioner, Ruby Turner, filed a petition in this Court seeking to prohibit the Honorable James G. McClure, Judge of the Circuit Court of Brooke County, West Virginia, and Herman Rogerson, Prosecuting Attorney of Brooke County, West Virginia, from proceeding with the prosecution of the petitioner upon an indictment returned by the 1969 November Term of the Brooke County Grand Jury. The indictment charged that the petitioner unlawfully neglected her two year old child by "omitting or committing" certain acts that proximately contributed to the death of the child.

The rule was granted in this proceeding on December 16, 1969, returnable January 20, 1970, and the case was continued to February 3, 1970, at the request of the parties and by leave of the court at which time the case was submitted for decision on briefs without argument.

The petitioner filed two written motions in the trial court to quash the indictment on the grounds that it did not charge a crime either under Code, 61-8-24, as amended, or Code, 49-7-7, as amended, both dealing with neglect of a child.

It is the contention of the petitioner that the offense should have been charged under Code, 61-8-24, as

amended, and that the indictment was fatally defective because it did not allege that the petitioner *wilfully neglected* the child as required by the wording of the statute. It is the contention of the respondent, Rogerson, that the indictment was drawn under the provisions of Code, 49-7-7, as amended, and that under said statute it was not necessary to allege wilful neglect.

The petitioner also contends that even if the charge could be brought under Code, 49-7-7, as amended, the indictment is duplicitous and is not drawn in the wording of this statute and is therefore, in any event, void.

The motions to quash the indictment were overruled by the trial court and this proceeding was instituted here by the petitioner.

The pertinent part of the indictment reads as follows: "That Ruby Turner * * * did unlawfully * * * and at the time said infant being in *her care, custody and control,* unlawfully *neglected said infant* by omitting or committing the following acts which *proximately contributed to the death of said infant* * * *." [Emphasis supplied.]

Code, 61-8-24, as amended, reads in part as follows: "* * * any person, having the *care, custody or control* of any minor child, who shall *wilfully* abandon or *neglect the same,* shall be guilty of a misdemeanor * * *." [Emphasis supplied.]

It will be noted that the words of this statute dealing with care, custody and control are the exact words to be used in an indictment to charge the offense of wilful neglect. In other words, to constitute the offense under this section the infant or minor child must be in the care, custody or control of the person charged.

Code, 49-7-7, as amended, reads as follows: "*A person who* by any act or omission *contributes to, encourages or tends to cause the delinquency or neglect of any child,* shall be guilty of a misdemeanor * * *." [Emphasis supplied.]

It will be noted that to constitute the offense under this section in Chapter 49 the child does not have to be in the care, custody or control of the person charged to be guilty of the offense. The offense under this statute *is any act or omission that contributes to, encourages or tends to cause the delinquency or neglect of any child.*

This statute as originally written in 1936 did not have the word *neglect* in it. This word was added by the Legislature in 1941. However, the following section, Code, as amended, 49-7-8, which was not amended in 1941, and which deals with the proof necessary for a conviction of the offense, reads as follows: "In finding a person guilty of contributing to the delinquency of a child, *it shall not be necessary to prove that the child has actually become delinquent, if it appears from the evidence that the accused is guilty of conduct or of an act of neglect* or omission of duty on his part toward the child which would tend to bring about or encourage the delinquency." [Emphasis supplied.]

It can readily be seen that the indictment is not couched in the words of the statute which the respondent Rogerson contends it was brought under. The indictment alleges *that the accused unlawfully neglected the infant by omitting or committing certain acts which proximately contributed to the death of said infant,* and not that she by such acts *contributed to, encouraged or tended to cause the delinquency or neglect of said child,* the words contained in the statute to constitute the offense under Code, 49-7-7, as amended.

It would appear that under Code, 49-7-7, as amended, it would not be necessary to prove that a child was actually neglected in order to convict an accused of the offense under this section of the statute, but merely to prove that the accused was guilty of conduct that contributes to, encourages, or tends to cause any neglect. This appears to be directed toward a different offense than that charged in the present indictment of omitting or committing acts which contributed to the death of the infant.

In the case of *State* v. *Harris*, 105 W. Va. 165, 141 S. E. 637, dealing with the offense under Code, 49-7-7, before it was amended, this Court held that criminal intent was not a necessary element of the offense and it was not the act but the tendency to cause the delinquency that constituted the offense.

In the case of *State* v. *Westfall*, 126 W. Va. 476, 29 S. E.2d 6, which was decided after Code, 49-7-7 was amended, it was held that the indictment under this statute was sufficient, but the indictment in that case contained in substance the wording of the statute, that is, that the accused caused, encouraged, and contributed to the delinquency of the infant.

The case of *State* v. *Zitzelsberger*, 129 W. Va. 229, 39 S. E.2d 835, which was decided after the statute (Code, 49-7-7) was amended, held that in drawing an indictment under this statute, the use of the statutory words should be supplemented with specific acts constituting the offense.

The indictment in the instant case charges the accused in the disjunctive that she omitted *or* committed the acts. It has been held that unless the words in the disjunctive mean the same thing an indictment charging acts in the disjunctive is demurrable. *State* v. *Stollings*, 128 W. Va. 483, 37 S. E.2d 98; *State* v. *Loy*, 146 W. Va. 308, 119 S. E.2d 826.

Although it appears that a person can be indicted for the offense of contributing to, encouraging or tending to cause the neglect of any child under Code, 49-7-7, since it was amended in 1941, such indictment must use the words of that statute and allege the specific acts and not use the words of another statute together with confusing allegations in connection with the offense intended to be charged.

For the reasons stated herein, the writ prayed for is granted.

*Writ granted.*

860

CALHOUN, JUDGE, dissenting:

In this prohibition proceeding, the relator asserts that the indictment against her is void and she therefore prays that the eminent judge of the trial court, and also the prosecuting attorney, be prohibited "from proceeding with the prosecution of the petitioner upon the indictment * * *."

In order to warrant the granting of the prayer of the petition, we must determine that the indictment is not merely defective or voidable upon a direct attack, but rather that it is absolutely void in the sense that the trial court has no "jurisdiction" to proceed with a prosecution under the indictment. It is obvious that the trial court has jurisdiction of the person. It is obvious that the trial court has jurisdiction of the subject matter and is not exceeding its legitimate powers unless the indictment is void.

Under Code, 1931, 53-1-1, as amended, prohibition lies "when the inferior court has not jurisdiction of the subject matter in controversy, or, having such jurisdiction, exceeds its legitimate powers." If an indictment is void, the court "does not have jurisdiction to try a person so indicted, [and] prosecution of a defendant upon such void indictment will be prevented by a writ of prohibition." *State ex rel. McCormick v. Hall,* 150 W. Va. 385, pt. 2 syl., 146 S. E.2d 520.

"All allegations, unnecessary to be proved, may be omitted in any indictment or other accusation." Code, 1931, 62-2-9. Code, 1931, 62-2-10, provides that no indictment shall be quashed or deemed invalid on any one of the numerous grounds therein enumerated including the following: "* * * or for the omission or insertion of any other words of mere form or surplusage." Code, 1931, 62-2-11, is as follows: "Judgment in any criminal case, after a verdict, shall not be arrested or reversed upon any exception to the indictment or other accusation, if the offense be charged therein with sufficient certainty for judgment to be given thereon, according to the very right of the case." Obviously, a conviction on a void

indictment is void and a nullity; and, therefore, it follows, from the statutory provision quoted immediately above, that an indictment should not be held to be void, in this collateral proceeding, "if the offense be charged therein with sufficient certainty for judgment to be given thereon, according to the very right of the case."

Code, 1931, 62-1B-1, as amended, provides: "The court for cause may direct the prosecuting attorney to file a bill of particulars." Basically, in reference to the sufficiency of the allegations of an indictment, the question is whether the accused is thereby "fully and plainly informed of the character and cause of the accusation" as required by Article III, Section 14 of the Constitution of West Virginia. If the accused believed that the indictment did not supply her with sufficient information to enable her to make a proper defense to the accusation, she could have requested that the allegations be amplified by a bill of particulars. *Pyles* v. *Boles,* 148 W. Va. 465, 488, 135 S. E.2d 692, 705-706; *State* v. *Jarrett,* 119 W. Va. 432, 435, 194 S. E. 1, 3; *State* v. *Lewis,* 69 W. Va. 472, pts. 1 and 2 syl., 72 S. E. 475. The following is a portion of the second point of the syllabus of *State* v. *Koski,* 101 W. Va. 477, 133 S. E. 79: "* * * and, where the bill of particulars furnished by the State, read in connection with the indictment, fully informs the defendant of the nature of the offense with which he is charged, the time and place of the commission thereof, it is sufficient."

It is in the background of the legal principles I have previously referred to that we should undertake to determine whether the indictment is void so that the trial court would lack jurisdiction or exceed its legitimate powers in proceeding with the prosecution. At this point, we should note that *State* v. *Zitzelsberger,* 129 W. Va. 229, 39 S. E.2d 835; *State* v. *Westfall,* 126 W. Va. 476, 29 S. E.2d 6; and *State* v. *Harris,* 105 W. Va. 165, 141 S. E. 637, cited in the majority opinion, all dealt with the criminal offense of contributing to the delinquency of a child and are, therefore, wholly inapposite. The present case, under Code,

1931, 49-7-7, as amended in 1941, deals with a charge of contributing to or encouraging the "neglect" of a child. In my opinion, this presents to the Court a case of first impression.

Code, 1931, 61-8-24, has not been amended except by an enactment in 1965 which merely increased the punishment. The statute provides in part: "* * * any person, having the care, custody or control of any minor child, who shall wilfully abandon or neglect the same, shall be guilty of a misdemeanor, * * *." The state does not assert that the indictment in this case is based on the statutory provision quoted immediately above. It is true that the indictment in this case does charge that the accused had the child in question "in her care, custody and control." The inclusion of this language in the indictment appears to me to have misled or confused counsel for the relator and also the majority of the members of this Court, but not the judge of the trial court. At most, such language is mere surplusage.

By Chapter 1, Acts of the Legislature, First Extraordinary Session, 1936, while the statute previously quoted was in effect, there was enacted a new provision designated as Code, 1931, 49-7-7, as amended. That statute as originally enacted in 1936, so far as pertinent, was as follows: "A person who causes, encourages, or contributes to the delinquency of a child, or who is responsible for such delinquency, shall be guilty of a misdemeanor, * * *." Hence, a new offense was created, the offense commonly referred to as contributing to the delinquency of a child. The 1936 statute was amended by Chapter 73, Article 7, Section 7, Acts of the Legislature, Regular Session, 1941.

It is under Code, 1931, 49-7-7, as amended in 1941, that the indictment in the present case was returned. It will be noted that the 1941 amendment covers both "delinquency" and "neglect" of a child. The statute, in its present form, does not require that the element of neglect be "wilfully" performed. Hence, the omission from the indictment of the element of wilfulness is not material in

appraising the validity of the indictment involved in this case. Code, 1931, 49-7-7, as amended in 1941, is as follows:

> "Any person who by any act or *omission* contributes to, encourages or tends to cause the delinquency *or neglect* of any child, shall be guilty of a misdemeanor, * * *." (Italics supplied.)

It is clear that the 1941 amendment of the statute was designed to go beyond the requirement that the accused person "wilfully" abandon or neglect a child and to make it an offense, by any act or "omission," to contribute to, encourage or tend to cause the "neglect" of any child. In this background, we quote the charge contained in the indictment in this case in order to demonstrate how clearly and with what specificity the indictment charges an offense under Code, 1931, 49-7-7, as last amended:

> "That Ruby Turner, also known as Ruby Mozingo, being the natural mother of Jeffrey Allen Turner, an infant two (2) years of age, on and before the 20th day of June, 1969, and within one (1) year immediately preceding the finding of this indictment, did unlawfully, in the County of Brooke, State of West Virginia, and at the time said infant being in her care, custody and control, unlawfully neglected said infant by omitting or committing the following acts which proximately contributed to the death of said infant on the 20th day of June, 1969:
>
> "(1)  She failed to obtain medical care and treatment for said infant after it sustained multiple bruises and injuries to its body, including acute fractures to its left clavicle, right radius and right ulna as a result of inflicted trauma;
>
> "(2)  She failed to protect and defend said infant from being violently and seriously assaulted and battered by Herbert D. Turner, another infant, six (6) years of age, who was in her care and under her control, when she knew the propensities of said Herbert D. Turner to inflict corporeal injury upon the person of said infant, against the peace and dignity of the State."

The opinion points out that the indictment states disjunctively "by omitting or committing the following acts"

864

and that, as I understand, this makes the indictment "demurrable." Whether this is a basis of the Court's decision is not clear to me. It is not determinative of this case that the indictment may be merely "demurrable" unless the defect renders the indictment void so as not to afford a basis of jurisdiction.

The necessity or lack of necessity of conjunctive allegations has resulted in various decisions by a division of the members of this Court. *State* v. *Stollings*, 128 W. Va. 483, 37 S. E.2d 98; *State* v. *Jarrett*, 119 W. Va. 432, 194 S. E. 1; *State* v. *Keller*, 118 W. Va. 296, 191 S. E. 201; *State* v. *Dawson*, 117 W. Va. 125, 184 S. E. 253. The test is whether the use of the disjunctive results in a failure fully and plainly to advise the accused of the "character and cause of the accusation." *State* v. *Keller*, 118 W. Va. 296, 191 S. E. 201; *State* v. *Jarrett*, 119 W. Va. 432, pt. 2 syl., 194 S. E. 1. The most recent decision of this Court dealing with this question, I believe, is *State* v. *Loy*, 146 W. Va. 308, 119 S. E.2d 826, wherein Judge Given, speaking for a unanimous Court, reviewed prior decisions in detail. The first and second points of the syllabus of that case are as follows:

"1. Though a statute creates and defines separate criminal offenses in the disjunctive, an indictment charging more than one of such offenses in the same count should state the offenses in the conjunctive.

"2. Though separate criminal offenses charged in the same count of an indictment should be stated in the conjunctive, it is generally not error to use the disjunctive where only the method or manner of the commission of an offense is charged."

In the body of the opinion in the *Loy* case (146 W. Va. at 313, 119 S. E.2d at 829), the Court summarized the correct principles of law as follows:

In the *Keller* case the Court reached the conclusion, we think correctly, that 'The rule is that "an indictment must not state the offense disjunc-

tively, when it is thereby left uncertain what is really intended to be relied on as the accusation." *State* v. *Charlton,* 11 W. Va. 332, 27 Am. Rep. 603. This lays down a rule of reason which it is safe to follow, and which does not prevent a court from holding an indictment bad where the disjunctive is used and where its use obscures and makes uncertain the accusation against the defendant.'

The statute involved in the present case deals with an offense relating to delinquency and an offense relating to neglect. The indictment deals only with the offense relating to neglect and hence, quite obviously, the two offenses are not stated disjunctively. The disjunctive is used in the indictment merely in stating the manner in which the single offense charged was committed, i.e., "by omitting or committing the following acts which proximately contributed to the death of said infant * * *." Thereafter the acts of omission or commission are specifically stated. I believe the use of the disjunctive in this instance is not violative of any principle of criminal law pleading under any prior decision of this Court or of any other appellate court in the nation.

If the syllabus in this case undertakes to state a general rule that "the indictment must use the words of the statute," I disagree. While this Court has repeatedly held that, as a general rule, an indictment is sufficient if it charges a statutory offense in the language of the statute, it has also held that an indictment is sufficient if it substantially follows the language of the statute and will not be held invalid if it contains "surplus matter." *Pyles* v. *Boles,* 148 W. Va. 465, pts. 3 and 6 syl., 135 S. E.2d 692. See also *State* v. *Nuckols,* 152 W. Va. 736, pt. 6 syl., 166 S. E.2d 3.

One of the characteristics of a dissenting opinion is that its author has, to a reasonable degree, the liberty of expressing his own personal philosophy without implying that such philosophy is or is not shared by other members of the Court.

It is my view that the entire judicial system is critically on trial in this day and in this country as an effective means of administering justice, perhaps particularly in the area of criminal law and procedure. In this area, a heavy burden rests upon the bench and bar to strike a proper balance between the rights of persons accused of crime and, on the other hand, the rights of society or of the public to be afforded proper and reasonable protection from the acts of criminals.

In my view, by judicial construction, we have, in many instances, construed provisions of the Bill of Rights of the Constitution of the United States in such a manner that the provisions as thus construed would hardly be recognizable by the Founding Fathers. We are required to make like application of similar provisions of the Bill of Rights of the Constitution of West Virginia.

I believe that, by judicial construction, we have placed a distressingly disproportionate emphasis upon the rights of individuals accused of crime at the expense of the same individuals and others as members of the public or of society to be protected against crime. It would be difficult for me to point to a more persuasive example of what I am endeavoring to express than the decision of the Court in this case. This trend must be reversed drastically. In due time, it will be reversed. If it is not reversed voluntarily by the bench and bar, it will be reversed upon the demand of an enraged and outraged public. We who sit on appellate courts may smugly assert that the answer lies in increased diligence and industry on the part of law enforcement officers and prosecuting attorneys. My personal view is that, by needlessly harsh judicial construction, a wholly unnecessary burden has been placed upon law enforcement officials and trial courts.

For reasons stated in this dissenting opinion, I would refuse the writ of prohibition prayed for in this case.